Vera (Ham) ROBINSON, Appellant,

v.

James MONAGHAN, M.D., Appellee.

No. 88–1736.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 15, 1988.
Decided Jan. 3, 1989.

Martin J. Kushner, Omaha, Neb., for appellee.

Robert M. Slovek, Omaha, Neb., for appellant.

Before LAY, Chief Judge, JOHN R. GIBSON, Circuit Judge, and STUART,* Senior District Judge.

LAY, Chief Judge.

Vera Robinson filed suit against a Nebraska physician, Dr. James Monaghan. She asserts that her claim is based on "professional negligence." Ms. Robinson claims in July of 1985 she made application for medical insurance coverage from State Farm Insurance Company. She listed her treatment with Dr. Monaghan. The insurance company requested Dr. Monaghan to forward his medical records. He did not do so. She alleged that as a result of the physician's negligence in refusing to send the requested records she was denied medical coverage by the insurance company and subsequently incurred medical expenses in excess of $3000 which would have been covered by this insurance. She also alleged that the defendant's conduct constituted negligent infliction of emotional distress and that she was additionally damaged in the sum of $100,000. The district court found that plaintiff's claim of professional negligence must be based on a physician-patient relationship in order to succeed. On the basis of Dr. Monaghan's affidavit filed with the court, the district judge found that the physician-patient relationship no longer existed at the time of the request and the doctor had no further duty to forward records. On this basis the court granted summary judgment in favor of the defendant doctor.

Plaintiff alleged that she applied for medical insurance coverage on or about the 31st day of July, 1985. At that time she disclosed treatments for two bladder infections by Dr. Monaghan. She attached a copy of her insurance application form to her complaint. She alleged that Dr. Monaghan was requested to produce his medical records and failed to do so. As a direct result thereof she alleges she was denied medical coverage on September 17, 1985.

Dr. Monaghan filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) and attached an affidavit with his motion. He stated that he last treated the plaintiff on September 30, 1982, and that he forwarded that information to State Farm on November 1, 1983; that he had not treated her since that date and did not possess any further information about her.

The apparent factual differences between the parties arise because plaintiff alleged in her insurance application form that she had been prescribed medication for bladder infections on two subsequent occasions, July 1984, and May 1985, by Dr. Monaghan.[1] The doctor had no apparent record of this fact. Even though the sole "treatment" by the physician may have only involved providing medical prescriptions by phone there should be little doubt if these allegations are true that a physician-patient relationship still existed in 1985. Conceivably a physician might not

---

* The HONORABLE WILLIAM C. STUART, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

1. Exhibit A, the Application Form for State Farm Health Insurance dated July 31, 1985, contains the following information. First, in response to Question 3(d), asking if in the last three years she had taken prescribed medication, Robinson checked the box marked "Yes." She provided further details of this answer under Question 8 by indicating that Dr. Monaghan had prescribed antibiotics for bladder infections on two occasions—July, 1984, and May, 1985—and that the duration of each of the infections had been three to five days with 100% recovery. Second, in response to Ques-

tion 6(f), asking if within the last ten years she had been told she had, or had been treated for, any urinary, kidney or bladder disorder, Robinson again indicated "Yes" and circled the word "bladder" on the form. The detail provided under Question 8, noted above, was also indicated by Robinson to cover this second question. Finally, under Question 7(a) which asked if within the last five years she had consulted her family doctor or any other doctor for any reason not already explained, Robinson answered "Yes" and under the explanation section of Question 8 listed that she had seen Dr. Monaghan for routine pap smear and pelvic examinations.

maintain a medical record of such phone calls, but this information could have been verified by the pharmacy that issued the prescriptions.

The trial court treated the motion to dismiss as a summary judgment and ordered plaintiff to respond with counter-affidavit in three weeks. Plaintiff's counsel did not submit an affidavit and elected to rest on the allegations in his petition and exhibits. When no response was received the district court sustained the motion and entered summary judgment for defendant. This appeal followed.

The district court relied on Federal Rule of Civil Procedure 56(e) which recites:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits *or as otherwise provided in this rule*, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. [Emphasis added.]

Plaintiff, however, relies on subsection (c) of Rule 56 which reads:

The judgment sought shall be rendered forthwith if *the pleadings*, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. [Emphasis added.]

At the core of Rule 56 is the understanding that the party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion and of identifying those portions of the existing record which it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). This does not mean the moving party must necessarily supplement the existing record with affidavits. *Id.* On the contrary, the clear import of Rule 56 is that, "regardless of whether the moving party accompanies its summary judgment motion with affidavits, *the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied.*" *Id.* (emphasis added). It is only when this standard is met that it can be said that the motion has been "made and supported as provided in [the] rule." *Id.* at 324, 106 S.Ct. at 2553. *See also* Fed.R.Civ.P. 56(e). It is likewise only at this time that an affirmative duty arises, on the part of the non-moving party, to go beyond the pleadings and "by affidavits or as otherwise provided in [the] rule" designate "specific facts showing that there is a genuine issue for trial." Fed.R. Civ.P. 56(e). *See also Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553.

In the present case the initial burden of Dr. Monaghan, the moving party, was not met. The pleadings, and exhibits attached thereto, vitiate any finding that the motion had been "made *and supported* as provided in [the] rule." *Id.* (emphasis added). Attached to Robinson's complaint were two exhibits, each of which was signed under an attestation of truthfulness, that put in issue the time span covering her physician-patient relationship with Dr. Monaghan. The existence of these exhibits constitutes, in our judgment, sufficient factual contradiction to the defendant's affidavit to overcome a summary judgment.

In reviewing a decision of a district court to grant summary judgment we must apply the same strict standard as the district court. *Trnka v. Elanco Prods. Co.*, 709 F.2d 1223, 1224–25 (8th Cir.1983). Our review is therefore de novo. We are required to view all evidence in the light most favorable to the non-moving party and to "give that party the benefit of all reasonable inferences to be drawn from the underlying facts disclosed in pleadings * * * filed in the suit." *Id.* at 1225. On the basis of the pleadings and exhibits filed in the district court we hold that a genuine issue of material fact does exist as to whether or not a professional physician-pa-

tient relationship existed between Dr. Monaghan and Vera Robinson at the time the latter sought insurance coverage from State Farm. The judgment of the district court granting summary judgment on Counts I and II[2] is reversed and this portion of the case is remanded to the district court for further proceedings.[3]

We agree with the district court's conclusion that plaintiff's factual pleading as to negligently inflicted emotional distress does not state a cause of action under Nebraska law. *See James v. Lieb,* 221 Neb. 47, 375 N.W.2d 109 (1985). The judgment is affirmed as to the dismissal of Count III; judgment is reversed and remanded as to Counts I and II. Costs assessed against plaintiff.[4]

---

**2.** Counts I and II are identical except that Count II states a claim against the defendant on the grounds of respondeat superior.

**3.** On remand, before further proceedings, we think it incumbent upon plaintiff to produce for the court's inspection the actual medical bills incurred. If these bills are not in excess of $10,000 exclusive of costs and interest then the district court should dismiss plaintiff's claim for lack of jurisdiction.

**4.** We feel counsel could have avoided the lengthy process of appeal had he simply filed a response by affidavit, as ordered by the district court, instead of relying on his technical legal right. The district court was looking for help and did not receive it. At least counsel could have better served his client's interests and assisted an overburdened district court with factual information. The fact remains that "Exhibit A" is only barely legible even on the copy filed here.