**SUBURBAN NEWSPAPERS OF GREAT-ER ST. LOUIS, INC., d/b/a Suburban Newspaper of Greater St. Louis, Appellee,**

v.

**The KROGER COMPANY, Appellant.**

No. 88–2545.

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1989.

Decided Oct. 5, 1989.

Jordan B. Cherrick, St. Louis, Mo., for appellant.

Mark G. Arnold, St. Louis, Mo., for appellee.

Before JOHN R. GIBSON and WOLLMAN, Circuit Judges, and BROWN,* Senior Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

The Kroger Company appeals from an adverse summary judgment entered by the district court[1] on a breach of contract claim brought by Suburban Newspapers of Greater St. Louis, Inc. Kroger entered into a long-term advertising contract with Suburban, but suspended performance after closing its stores in the St. Louis area. Suburban, invoking diversity jurisdiction, sued for breach of contract. This appeal presents three issues: (1) whether summary judgment is precluded by the existence of a genuine issue of material fact; (2) whether, as a matter of law, Kroger's decision to stop advertising with Suburban is excused by the contract's force majeure clause; and (3) which discount rate should be used in applying the contract's short-rate, or liquidated damages, provision. We affirm the judgment of the district court.

I.

Kroger and Suburban contracted in June 1986 for Suburban to carry Kroger's adver-

---

* The HONORABLE JOHN R. BROWN, Senior Circuit Judge for the United States Court of Appeals for the Fifth Circuit, sitting by designation.

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

tisements in the local newspapers published by Suburban in the St. Louis area. The 1986 agreement was based on a 1984 contract between the two parties. In negotiating the 1984 contract, Kroger had requested that the force majeure clause contain specific language referring to store closings.[2] In October 1986, Kroger decided to close its retail stores in the St. Louis area. Suburban ran Kroger's final advertisement in its November 19, 1986 newspapers. On December 10, 1986, Suburban wrote to Kroger requesting a final payment of $55,487.43 which was calculated under the short rate, or liquidated damages, clause of the 1986 agreement. Kroger refused to pay, and this lawsuit followed.

Both parties filed motions for summary judgment. The district court initially rejected both motions because it concluded that, on the record then before the court, there remained a genuine issue of material fact regarding Kroger's control over the store closings. However, after additional admissions were filed in which Kroger stated that it deliberately closed the stores for economic reasons, the district court entered a nunc pro tunc order granting Suburban's summary judgment motion. On September 16, 1988, the district court entered an order awarding damages of $55,487.83 to Suburban.

On appeal, Kroger advances two arguments regarding the force majeure clause and one argument pertaining to the short rate clause. Kroger first contends that neither party may be granted a summary judgment because the case implicates factual questions which must be presented to a jury. Alternatively, Kroger asserts that, under a correct interpretation of the force majeure clause, it is entitled to summary judgment. Finally, Kroger challenges the district court's interpretation of the short rate clause.

## II.

In reviewing the order granting summary judgment, this court must undertake a de novo review of the record while applying the same strict standard which governed the district court. *Robinson v. Monaghan*, 864 F.2d 622, 624 (8th Cir.1989). "A motion for summary judgment may be granted only if an examination of all the evidence in a light most favorable to the nonmoving party reveals no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Krause v. Perryman*, 827 F.2d 346, 350 (8th Cir.1987). Nevertheless, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 1). Kroger has not produced specific facts indicating a genuine issue of material fact regarding its control over the store closings; Kroger's admission that it intentionally closed its stores compels the conclusion that the closings were not "beyond its reasonable control." *See Celotex*, 477 U.S. at 322–24, 106 S.Ct. at 2552–53; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

Thus, the only remaining question involving the force majeure clause is which party is entitled to summary judgment as a mat-

---

**2.** The relevant contract provisions provide:
SHORT RATE
In the event that this agreement is not fulfilled or terminated by the Advertiser for whatever reason, the Advertiser shall immediately pay the Newspaper the difference between this contract rate and the prevailing current rate card charge of Newspaper for a minimum of 301,000 pre-printed inserts for a maximum of 49 weeks.
FORCE MAJEURE [sic]
Neither party shall be liable for his failure to perform hereunder *due to any contingency*

*beyond its reasonable control,* including store closings, acts of God or the public enemy, fire, explosion, accident, flood, drought, embargoes, war, riot, sabotage, strikes, lockouts, labor disputes or shortages, actions of any kind of government authority, whether valid or invalid, delay of usual carriers or other difficulties with transportation, or any contingency, delay, failure, or cause beyond its control, whether or not of the kind specified herein. (emphasis added).

ter of law. In deciding the questions of Missouri contract law which this case presents, "we give great weight to the district court's interpretation of state law." *G.A. Imports v. Subaru Mid-America,* 799 F.2d 1200, 1205 (8th Cir.1986). The district court's interpretation of the force majeure clause is consistent with the decision in *United States v. Brooks-Callaway Co.,* 318 U.S. 120, 122–23, 63 S.Ct. 474, 475–76, 87 L.Ed. 653 (1943),[3] and Kroger has not convinced us that Missouri courts would adopt a different interpretation. Thus the district court did not err in its determination that the phrase "due to any contingency beyond its reasonable control" modified the phrase "store closings."

### III.

Suburban gives advertisers discounts based upon the number of weeks during which advertisements will be placed in its newspapers. Kroger contracted to place advertisements in Suburban's newspapers for a period of ninety-six weeks at a rate of $27.50 per thousand inserts.

The relevant issue involving the short rate clause is which "Pre-print Contract Discount" is applicable. Suburban argues that the discount which would be given to contracts for more than twelve weeks and less than twenty-four weeks should be used. Kroger, on the other hand, argues that the discount given for contracts of twenty-four to forty-nine weeks should be utilized. Because Kroger advertised for twenty-two weeks, we conclude that the district court correctly applied the discount given to twenty-two week contracts.

Suburban argues that it should recover under the short rate provision even if Kroger's conduct is excused by the force majeure clause. We acknowledge the force of this argument, but because we decide that the force majeure clause does not excuse Kroger's actions, it is not necessary to reach this question.

The judgment of the district court is affirmed.

---

**3.** In *Brooks-Callaway,* the Supreme Court interpreted a force majeure clause containing the adjective "unforeseeable," which was followed by a list of specific types of events. *See* 318 U.S. at 120–21 & n. 1, 63 S.Ct. at 474–75 & n. 1. The Court concluded that ridiculous results would be produced unless "unforeseeable" modified every term in the subsequent phrase because otherwise even intentional actions such as arson would be excused. *Id.* at 123, 63 S.Ct. at 476.