**ACTION PROFESSIONAL SERVICE,**
**Plaintiff and Appellee,**

v.

**Gary KIGGINS and Diane Kiggins,**
**Defendants and Appellants.**

**No. 16680.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 11, 1990.

Decided July 11, 1990.

Steven R. Binger, Sioux Falls, for plaintiff and appellee.

Robert L. Jones, Sioux Falls, for defendants and appellants.

PER CURIAM.

This case involves an interpretation of the venue provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692o (FDCPA). We hold that the trial court erroneously dismissed claims against a debt collector as the result of an incorrect interpretation of 15 U.S.C. § 1692i.

FACTS

Action Professional Service (APS) is a debt collection service. APS initiated a debt collection action in small claims court in Minnehaha County against Gary Kiggins and Diane Kiggins (the Kiggins). The debt in question ($217 plus costs, interest and collection fees) arose out of chiropractic care rendered to Gary Kiggins by Dr. Rex Redman of Sioux Falls.

The Kiggins filed an answer and two counterclaims against APS. The first counterclaim alleged that APS had undertaken "wrongful communication" with the Kiggins in violation of 15 U.S.C. § 1692c(a)(3). The second counterclaim alleged that the action filed in Minnehaha County was violative of 15 U.S.C. § 1692i(a)(2) because the Kiggins resided in Lincoln County.

Simultaneous with the filing of their answer and counterclaims the Kiggins filed a motion to remove the action to the formal side of the court in order to address their claims under the FDCPA. The action was removed to the circuit court of the Second Judicial Circuit in Minnehaha County. Lincoln County is not in the same judicial circuit as Minnehaha County. SDCL 16–5–1.2. The Kiggins never requested a change of venue to Lincoln County or to the First Judicial Circuit which includes Lincoln County. SDCL 15–5–10.

The circuit court, after trial to the court, dismissed the Kiggins' counterclaims and entered judgment in favor of APS. The Kiggins contend that the circuit court erred in dismissing their FDCPA counterclaims. We agree. The circuit court's dismissal of the Kiggins' counterclaims is reversed and the matter is remanded for resolution on the merits.

DECISION

The Fair Debt Collections Practices Act is intended to prohibit debt collectors from engaging in abusive, deceptive and unfair practices. 15 U.S.C. § 1692. *See also Leatherwood v. Universal Business Service Co.*, 115 F.R.D. 48 (W.D.N.Y.1987). APS admitted that it is a "debt collector" as defined by the FDCPA.

Of particular relevance is 15 U.S.C. § 1692i which provides:

(a) Any debt collector who brings any legal action on a debt against any consumer shall—

(1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or

(2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity—

    (A) in which such consumer signed the contract sued upon; or

    (B) in which such consumer resides at the commencement of the action.

(b) Nothing in this subchapter shall be construed to authorize the bringing of legal actions by debt collectors.

Section 1692i is intended to limit the ability of debt collectors to file debt collection actions in courts inconvenient to the debtor. S.Rep. No. 382, 95th Cong., 1st Sess. *reprinted in* 1977 U.S.Code Cong. & Admin. News 1695, 1699 (hereinafter "Senate Report"). It does so by requiring that the action be filed in a specific "judicial district or similar legal entity" as the circumstances dictate.

The term "judicial district or similar legal entity" is not defined by the FDCPA. APS argues that because the term is part of a federal act it refers to the federal judicial districts as they are established under federal law. Under APS's interpretation of Section 1692i a debt collector could file a state court action against any South Dakota debtor anywhere in South Dakota because South Dakota is contained in one federal judicial district. We disagree as to actions filed in state court.

If a debt collector files a debt collection action in state court it must be filed in the *state* "judicial district or similar legal entity" in which the contract was signed or where the debtor resides. In South Dakota state court the "judicial district or similar legal entity" is the circuit courts as established by state law. On the other hand, if an action is properly initiated and maintained in federal district court the term "judicial district or similar legal entity" refers to the *federal* judicial district as established under federal law. Thus, a debt collection action initiated in federal court must be filed in the federal district in which the contract was signed or the debtor resides.

Understanding congressional intent in the adoption of the FDCPA explains and justifies this dichotomy. Congress intended that FDCPA actions could be filed in state courts as well as federal courts. 15 U.S.C. § 1692k(d). *See also Senate Report, supra,* at 1702. Similarly, if jurisdiction otherwise exists, a debt collection action may be filed in federal or state court.* Section 1692i was adopted to address the problem of "forum abuse," "an unfair practice in which debt collectors file suit against consumers in courts which are so distant or inconvenient that consumers are unable to appear." *Id* at 1699. We believe the intent of Congress was that forum abuse be prevented by requiring that state court actions be filed in the appropriate state court "judicial district or similar legal entity." In South Dakota that is the circuit court.

APS filed the action in Minnehaha County (Second Circuit) although the Kiggins lived in Lincoln County (First Circuit). APS's original action should have been

---

* It is clear that Congress intended to create a right of action for consumers against debt collectors engaging in abusive debt collection practices. 15 U.S.C. § 1692k. However, it is equally clear that Congress did not intend to create or enlarge any rights of action which debt collectors have to pursue consumers. 15 U.S.C. § 1692i ("Nothing in [the FDCPA] shall be construed to authorize the bringing of legal actions by debt collectors.") *See also* 15 U.S.C. § 1692n ("[The FDCPA] does not annul, alter, or affect, or exempt any person subject to the provisions of [the FDCPA] from complying with the laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent with any provision of [the FDCPA], and then only to the extent of the inconsistency."); and, *Senate Report, supra,* at 1700 ("The Committee believes that this law ought not to foreclose the States from enacting or enforcing their own laws regarding debt collection. Accordingly, this legislation annuls only 'inconsistent' State laws, with stronger State laws not regarded as inconsistent.")

filed in Lincoln County. It is unclear whether APS knew at the initiation of the action that the Kiggins no longer resided in Minnehaha County. 15 U.S.C. § 1692k(c).

The Kiggins chose not to seek a change of venue or a dismissal of APS's claims based upon the inappropriate forum. Instead they chose to attempt to recover from APS in Minnehaha County under the FDCPA. The circuit court consequently had jurisdiction to decide the underlying debt action against the Kiggins. SDCL 15–5–10. The circuit court's judgment relating to the underlying debt is not reversed.

The circuit court dismissed the Kiggins' claims because it interpreted "judicial district" to mean the federal district of South Dakota and concluded that APS's action had been filed in the appropriate forum. We have previously discussed our interpretation of that term. The circuit court's dismissal of the Kiggins' counterclaims is reversed and remanded.