**MISSOURI HEALTH CARE ASSOCIATION, et al., Plaintiffs,**

v.

**Gary J. STANGLER, Director, Missouri Department of Social Services, et al., Defendants.**

**No. 90–4307–CV–C–5.**

United States District Court, W.D. Missouri, C.D.

June 12, 1991.

Harvey M. Tettlebaum Husch, Eppenberger, Donohue, Cornfeld & Jenkins, Jefferson City, Mo., for plaintiffs.

David M. Harris, Greensfelder, Hemker & Gale, St. Louis, Mo., for Mo. Ass'n of Homes for Aged.

Richard L. Beaver, Edwin F. Moats, Curtis Thompson, Mo. Atty. Gen.'s Office, Jefferson City, Mo., Mark H. Lynch, Covington & Burling, Washington, D.C., for defendants.

ORDER

SCOTT O. WRIGHT, District Judge.

Before this Court are defendants' motion for summary judgment and plaintiffs' motion for summary judgment. Plaintiffs challenge the propriety of the defendants' procedure for determining Medicaid reimbursement rates for long-term care facili-

ties in the State of Missouri and the adequacy of the established rates. For the following reasons, defendants' motion for summary judgment will be denied; plaintiffs' motion for summary judgment will be granted as to defendants' procedure for determining Medicaid reimbursement rates and will otherwise be denied.

### Facts

Pursuant to the Boren Amendment, 42 U.S.C. § 1396a(a)(13)(A), the Department of Social Services ("DSS") for the State of Missouri determines the Medicaid reimbursement rates paid to long-term care facilities. In 1981, DSS replaced its retrospective cost reimbursement system with a prospective cost system. Under the prospective system, DSS determined reimbursement rates in advance of the applicable fiscal year. The rates were not subject to change based on any change in care facility expenses during the year.

The prospective system used the retrospectively calculated rates for September 1981 as the base for the period of October 1, 1981, to June 30, 1982. Each successive year's rate was adjusted through application of a "trend factor" adjustment.

In 1990, DSS replaced the prospective system. The new reimbursement system took effect on July 1, 1990. The latest system is also prospective in nature but is based on different factors and figures than the old prospective system. Under the new system, reimbursements to Medicaid care facilities have increased by some $38 million annually.

The new system begins with the base year of 1988, the latest year for which DDS had usable cost reports from care facilities. Cost reports for 1988 are desk-reviewed by DSS staff. Reported costs for expenditures not covered by Medicaid are eliminated. Return on equity is a cost allowed by DSS. These allowable costs are then adjusted to account for minimum utilization requirements. Costs reported by facilities with less than 90% occupancy are adjusted to a level expected of a facility with 90% occupancy.

To account for cost increases from 1988 to 1991, DSS increases each facility's 1988 adjusted costs by 3.7% per year for a total of 11.1%. This rate is based on the average inflation rate of the prior eight quarters of the Gross National Product Implicit Price Deflator published by the Department of Commerce. All allowable costs, including return on equity are increased by 11.1%.

Added to this figure is $1.06 per patient day to adjust for increases in the minimum wage. Costs for laundry, which are now but were not in 1988 covered costs, are added at $.50 per patient day. Finally, 1% of the weighted average rate on April 30, 1990, ("trend factor adjustment") amounting to $.47, is added to the adjusted cost.

Facilities receiving rates in 1990 which are in excess of the projected 1991 adjusted costs are allowed to retain their 1990 rates plus the $.97 increase for laundry and trend factor adjustment.

### Standard for Summary Judgment

Fed.R.Civ.P. 56(c) requires "the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The burden on the party moving for summary judgment "is only to demonstrate ... that the record does not disclose a genuine dispute on a material fact." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op.,* 838 F.2d 268, 273 (8th Cir.1988).

Once the moving party has done so, the burden shifts to the non-moving party to go beyond his pleadings and by affidavit or by "depositions, answers to interrogatories, and admissions on file" show that there is a genuine issue of fact to be resolved at trial. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. *Anderson v. Liberty*

*Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." *Hass v. Weiner,* 765 F.2d 123, 124 (8th Cir.1985). In ruling on a motion for summary judgment, this Court must view all facts in a light most favorable to the non-moving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. *Robinson v. Monaghan,* 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law," this Court must grant summary judgment. Fed.R.Civ.P. 56(c).

### Discussion

■ This Court agrees with defendants that the reimbursement rates for 1989 and 1990 are not at issue in this case. The rate established in 1990 and implemented in July 1990 is independent of the prior rates. As such, any conclusion concerning the 1989 and 1990 rates are immaterial to the prospective relief sought by plaintiffs.

Turning to the current rate system, this Court concludes that the DSS system for determining Medicaid reimbursement rates does not comply with the procedural requirements of the Boren Amendment.

The Boren Amendment requires states to set rates "which the State finds, and makes assurances satisfactory to the Secretary, are reasonable and adequate to meet the costs which must be incurred by efficiently and economically operated facilities in order to provide care and services in conformity with applicable State and Federal laws, regulations, and quality and safety standards...." 42 U.S.C. § 1396a(a)(13)(A). "[T]he statute requires the State, in making its findings, to judge the reasonableness of its rates against the objective benchmark of an 'efficiently and economically operated facility' providing care in compliance with federal and state standards...." *Wilder v. Virginia Hospital*

*Ass'n,* — U.S. ——, 110 S.Ct. 2510, 1523, 110 L.Ed.2d 455 (1990).

■ At a minimum, the Boren Amendment requires that a state "make 'findings' which identify and determine (1) efficiently and economically operated hospitals; (2) the costs that must be incurred by such hospitals; and, (3) payment rates which are reasonable and adequate to meet the reasonable costs of the state's efficiently and economically operated hospitals." *AMI-SUB (PSL) v. State of Colorado DSS,* 879 F.2d 789, 797 (10th Cir.1989), *cert. denied,* — U.S. ——, 110 S.Ct. 3212, 110 L.Ed.2d 660 (1990). "In other words, the state must make findings which establish a nexus between the costs of operating efficient and economic nursing facilities and the proposed reimbursement rates under the state plan." *Pinnacle Nursing Home v. Axelrod,* 928 F.2d 1306, 1315 (2nd Cir.1991).

DSS states correctly that the Health Care Financing Administration ("HCFA") does not require states to define "efficiently and economically operated facilities" because such definitions are implicit in the states' method and standards. *See* 48 Fed. Reg. 56046, 56049 (Dec. 19, 1983). Thus, DSS argues, the procedural requirements of the Boren Amendment are met once DSS completes a bona fide finding process. *Citing AMISUB,* 879 F.2d at 797.

This Court does not agree. The Court in *AMISUB* states that it is presumed that a state will complete a bona fide findings procedure prior to making assurances to HCFA that the required finding have been made. *Id.* In context, this bona fide findings procedure must identify and determine each of the three areas noted above. *AMISUB,* 897 F.2d at 796.

Reviewing the record, it is clear that DSS has conducted legitimate and thorough findings with respect to costs incurred by Medicaid facilities and rates which are reasonable and adequate to meet the allowable costs of such facilities. Absent, however, are findings identifying and determining efficiently and economically operated facilities.

As noted above, HCFA does not require that a state define efficiently and economi-

cally operated facilities. This Court recognizes the difficulty of making the required finding concerning such facilities without such a definition. HCFA, of course, does not mandate that a state not define efficiently and economically operated facilities. It is immaterial whether DSS prefers to develop such a definition to assist it in identifying and determining efficiently and economically operated facilities or whether DSS prefers to only make findings which identify and determine such facilities. Under the Boren Amendment, however, DSS is obliged, at the minimum, to complete the latter. This DSS has not yet done.

### Conclusion

This Court finds that defendants have failed to comply with the Boren Amendment's requirement that they make findings which identify and determine efficiently and economically operated Medicaid facilities. Without such findings, it is not possible to determine whether the reimbursement rate established by DSS are reasonable and adequate to meet the reasonable costs that must be incurred by such facilities.

The present reimbursement rates are higher than those previously established. This Court, therefore, assumes that plaintiffs do not desire that this Court enjoin enforcement of the present rates pending DSS's compliance with the Boren Amendment's procedural requirements.

It should be noted that this order cannot be construed as indicating in any fashion whether or not the present reimbursement rate meets the Boren Amendment's substantive requirements.

As a final note, this order initiates stage two of this action. The parties are reminded of the deadlines established in this Court's order of December 26, 1990.

For the above reasons, it is hereby

ORDERED that defendants' motion for summary judgment is denied. It is further

ORDERED that plaintiffs' motion for summary judgment is granted in part and denied in part. It is further

ORDERED that defendants are presently in violation of the Boren Amendment's procedural requirement that they make findings which identify and determine efficiently and economically operated Medicaid facilities.