960 F.2d 741
 Jerry ELLIS, Appellant,
v.
Marvin EVANS, Warden, R.D. Perry, Major, D.C. Heflin,
Captain, J.A. Byers, Hearing Officer, W.W.
Warfield, Hearing Officer, M.D. Biram,
Hearing Officer, J.R. Duke,
Hearing Officer, Appellees.
 No. 91-2755.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 6, 1992.
Decided April 2, 1992.
 
 Jerry Ellis, pro se.
 Brad Newman, Little Rock, Ark., argued (Winston Bryant and Brad Newman on the brief), for appellees.
 Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jerry Ellis, an Arkansas inmate, appeals from the order of the District Court[1] for the Eastern District of Arkansas granting defendant prison officials' motions for summary judgment in Ellis's 42 U.S.C. § 1983 action claiming constitutional violations arising out of disciplinary hearings. For reversal, Ellis reasserts the merits of his claims and also argues that dismissal was premature because defendants had not yet complied with his discovery requests. We affirm.
 
 
 2
 Interpreting Ellis's claims against defendant hearing officers Byers, Biram, and Duke as asserting a constitutional violation for finding Ellis guilty at major disciplinary hearings and sentencing him without affording him the benefit of a counsel substitute, the magistrate judge[2] recommended granting summary judgment because Ellis did not dispute that he did not have a low enough I.Q. or reading level to automatically be granted a counsel substitute. The magistrate judge recommended granting summary judgment in favor of defendants Captain Heflin and Major Perry, because Administrative Directive 89-02 and Memorandum 88:19 allowed for removal from punitive isolation to punitive restrictions, where inmates "have work assignments and ... [where] [i]nmates working on their assignments without additional disciplinaries will receive credit toward reclassification (promotion in class)." As such, the magistrate judge concluded that "the effect of [Ellis's] transfer to punitive restrictions was to enable him to receive credit toward reclassification while working," and Ellis was not entitled to a hearing before being removed. The magistrate judge recommended that summary judgment be granted in favor of defendant hearing officer Warfield, because Ellis's allegation that Warfield waived his major disciplinary hearings for "disrupting court" did not implicate the Constitution. Last, the magistrate judge recommended granting summary judgment in favor of Warden Evans, whom Ellis alleged only had knowledge of the "matter." Overruling Ellis's objections, the district court adopted the magistrate judge's report and granted summary judgment for defendants.
 
 
 3
 We review de novo a district court's grant of summary judgment, Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir.1989), and will sustain the district court's decision only if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We are "required to view all evidence in the light most favorable to the non-moving party and to 'give that party the benefit of all reasonable inferences to be drawn from the underlying facts disclosed in the pleadings.' " Robinson, 864 F.2d at 624 (quoting Trnka v. Elanco Prods. Co., 709 F.2d 1223, 1225 (8th Cir.1983)). "[T]he motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).
 
 
 4
 After carefully reviewing the record, we conclude that defendants adequately supported their motions for summary judgment and that Ellis failed to present a genuine issue of any material fact. Although defendants Perry and Evans did not submit copies of the prison regulations which, they attested, authorized an inmate's removal from punitive isolation to punitive restrictions, we note that Ellis did not challenge their affidavits in this regard. The district court did not err in granting summary judgment before defendants complied with Ellis's discovery requests. See Puckett v. Cook, 864 F.2d 619, 622 (8th Cir.1989) (summary judgment properly entered prior to completion of discovery absent affirmative showing as to how postponement of ruling would enable plaintiff to rebut defendant's showing of absence of genuine fact issue).
 
 
 5
 Accordingly, the district court judgment is affirmed.
 
 
 
 [1]
 The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas
 
 
 [2]
 The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas