994 F.2d 843
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Thomas A. THOMAS, Appellant,
v.
DELTA AIR LINES, INC., Appellee.
 No. 92-3221.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 22, 1993.
Filed: May 5, 1993.
 
 Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Thomas A. Thomas, an Arkansas citizen, appeals from the district court's[1] order granting the motion of Delta Air Lines, Inc., ("Delta") to dismiss or for summary judgment. We affirm.
 
 
 2
 Thomas, an employee of Delta, filed a pro se complaint against Delta and the Delta Employees Credit Union (the "Credit Union") in December 1991, asserting claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-68 ("RICO") and pendent claims under state tort law. In January 1992, he filed an amended complaint which omitted the Credit Union as a defendant.
 
 
 3
 Following a myriad of allegations detailing allegedly improper conduct by Delta in connection with its operation of the Credit Union, its handling of Thomas's loans from the Credit Union, and its disciplinary actions regarding his employee performance, Thomas alleged eight specific racketeering acts. He labelled the first six acts as a conspiracy to charge fraudulent interest on six loans the Credit Union made to him between August 1980 and October 1990. For his seventh and eighth racketeering acts he alleged that, in July 1981, a Delta employee improperly sent him a back-dated disciplinary letter, and in October 1989, Delta bribed him with a promise of a promotion to drop a lawsuit he had previously filed against the Credit Union.[2] Thomas alleged that the foregoing acts also constituted intentional and negligent infliction of emotional distress, harassment, and outrage, under Arkansas law.
 
 
 4
 Delta moved to dismiss for failure to state a claim or for summary judgment. Thomas filed a response, to which Delta filed a reply. The court granted Delta's motion, agreeing with Delta that the majority of Thomas's RICO claims and state law claims were barred by the applicable statutes of limitations, and that Thomas's remaining allegations failed to state claims under RICO or state tort law. The court thus entered judgment in favor of Delta, and Thomas appealed.
 
 
 5
 In ruling on Delta's motion, the district court considered matters outside the pleadings. Thus, it treated the motion as one for summary judgment under Fed. R. Civ. P. 56, and our review is de novo. See Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989). Having carefully reviewed the record and the district court's ten-page order, we conclude that summary judgment was properly granted substantially for the reasons stated in the district court's order. We affirm the dismissal of all of plaintiff's non-time-barred state law claims on the ground that they are without merit under state law, without reaching the district court's res judicata ruling. See Smith v. Mark Twain Nat'l Bank, 805 F.2d 278, 294 n.25 (8th Cir. 1986) (summary judgment may be affirmed on any basis supported by the record).
 
 
 6
 We do not consider the additional arguments Thomas raises on appeal, because they were not raised below. See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126 (1985) (court of appeals generally does not consider issues not raised below except where injustice might otherwise result).
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE GEORGE HOWARD, JR., United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 That lawsuit was ultimately dismissed on its merits