James **CRAWFORD** and Glenda Crawford, Plaintiffs,

v.

**CREDIT COLLECTION SERVICES,** Defendant.

CIV 94–4038.

United States District Court, D. South Dakota, Southern Division.

Aug. 10, 1995.

Robert L. Jones, Sioux Falls, SD, for Appellant.

William J. Klimisch, Goetz, Hirsch & Klimisch, Yankton, SD, for Appellee.

## MEMORANDUM OPINION AND ORDER

PIERSOL, District Judge.

James Crawford and Glenda Crawford, husband and wife, bring this action against Credit Collection Services alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692–1692o. This Court has jurisdiction under 15 U.S.C. § 1692k(d). For the reasons discussed below, the Court grants summary judgment for defendant on plaintiff James Crawford's claim, and grants judgment for plaintiff Glenda Crawford following a bench trial.

### I. The Claim of James Crawford

The Court must grant defendant's motion for summary judgment if there are no genuine issues of material fact for trial and defendants are entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The Court must consider the facts in the light most favorable to the plaintiff James Crawford, the non-moving party, and give him the benefit of all reasonable factual inferences. *See Robinson v. Monaghan,* 864 F.2d 622, 624 (8th Cir.1989). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The issues are submitted to the Court on cross-motions for summary judgment.

The record reflects that plaintiff James Crawford is a former resident of Vermillion, Clay County, South Dakota. He moved to Valley Springs, Minnehaha County, South Dakota, in October 1992. While he was a resident of Vermillion, plaintiff sought medical services for himself at the Yankton Medical Clinic, P.C., at its satellite clinic in Vermillion. The main clinic is located in adjacent Yankton County, South Dakota. Plaintiff signed a "Patient Registration Form" acknowledging that he read and understood the Clinic's Service and Credit Policy printed on the form. (Doc. 21; Doc. 25, Ex. A.) The policy specified that the patient is ultimately responsible for any debt for medical services even if the patient has medical insurance coverage.

Plaintiff did not pay all charges outstanding on his account. On October 27, 1993, Yankton Medical Clinic assigned the account to defendant for collection. (Doc. 30, Ex. A.) On December 28, 1993, defendant filed a small claims action against plaintiff James Crawford in Yankton County, which, along with Clay County, is located in the state court's First Judicial Circuit. On January 28, 1994, defendant obtained a default judgment against plaintiff in the amount of $241.89.

On February 8, 1994, plaintiff brought this action claiming that defendant violated the Fair Debt Collection Practices Act because the "Patient Registration Form" does not constitute a contract and because defendant filed the collection action in Yankton County rather than in Minnehaha County where plaintiff lived at the time the suit was brought.

Title 15 U.S.C. § 1692i(a)(2) provides:

(a) Any debt collector who brings any legal action on a debt against any consumer shall—

\* \* \* \* \* \*

(2) in the case of an action [not pertaining to real property], bring such action only in the judicial district or similar legal entity—

(A) in which such consumer signed the contract sued upon; or

(B) in which such consumer resides at the commencement of the action.

■ The Court first determines as a matter of law that the "Patient Registration Form" plaintiff signed constitutes a contract within the meaning of this statute. A factual issue as to contract formation does not remain for the factfinder because the facts surrounding the contract are not in dispute. *See O.R.S. Distilling Co. v. Brown–Forman Corp.,* 972 F.2d 924, 926 (8th Cir.1992). Plaintiff concedes that he signed the form and that he received medical services. (Doc. 21.) By acknowledging the Clinic's Service

and Credit Policy, plaintiff agreed to assume responsibility for the cost of the medical services he received. This is sufficient to establish a contract.

■ Plaintiff next argues that the statutory phrase "judicial district or similar legal entity" means "county," and therefore, defendant should have brought the collection action in Clay County, where plaintiff signed the "Patient Registration Form" or in Minnehaha County, where plaintiff lived at the time the collection suit was brought. He argues that the collection action could not be brought properly in Yankton County, where the Clinic and defendant's offices are located.

Although there is some authority in other jurisdictions supportive of plaintiff's legal position, see *Fox v. Citicorp Credit Serv., Inc.,* 15 F.3d 1507 (9th Cir.1994); *Dutton v. Wolhar,* 809 F.Supp. 1130 (D.Del.1992), the South Dakota Supreme Court has held that the phrase "judicial district or similar legal entity" means the state judicial circuits, not counties. *Action Professional Serv. v. Kiggins,* 458 N.W.2d 365, 367 (S.D.1990). This Court is not bound by the *Kiggins* decision, but the case is persuasive authority in interpreting § 1692i as it specifically pertains to South Dakota practice. Thus, the Court will follow *Kiggins.* Because the contract sued upon was signed by plaintiff in Clay County, located within the First Judicial Circuit where the collection suit was brought, the Court holds that venue was proper and defendant is entitled to summary judgment. Accordingly, the Court will grant defendant's summary judgment motion and deny plaintiff's motion.

## II. The Claim of Glenda Crawford

The Court orally denied the pending summary judgment motions as to Glenda Crawford's claim during a telephone hearing held on Friday, July 7, 1995. The Court then held a bench trial on Monday, July 10, 1995.

The Court finds that Glenda Crawford signed a "Patient Registration Form" on May 31, 1991, to obtain medical services from the Yankton Medical Clinic for her daughter, Jennifer Crawford. (Def.Ex. A.) Glenda Crawford did not sign a "Patient Registration Form" to obtain medical services for herself or for James Crawford. Based upon the trial testimony of defendant's President, Greg Adamson, the Court finds that the Yankton Medical Clinic sent to defendant an itemized statement of the charges and payments on James Crawford's account when the Clinic assigned that account for collection in October 1993. (Pl.Ex. 3 at 4.) The first item on the statement is the May 31, 1991, office visit charge of $27.00. The statement shows that the amount of $27.00 was paid by check on July 5, 1991. Nonetheless, defendant filed the collection action against James and Glenda Crawford and took a default judgment against both of them. (Pl.Ex. 3 at 1.) Glenda Crawford received notice of the collection action at her home in Valley Springs, Minnehaha County, South Dakota, where she had resided since October 1992. (Pl.Ex. 4.) Plaintiff Glenda Crawford introduced no evidence of actual damages resulting from the improper filing.

■ The Fair Debt Collection Practices Act defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). The Court concludes that, as to services rendered for Jennifer Crawford, no debt against Glenda Crawford existed, as she had paid the Clinic for her daughter's office visit.

■ The Court also concludes that there was no contract that could be sued upon as provided in § 1692i(a)(2)(A) because Glenda Crawford performed the contract she made with the Clinic to obtain and pay for medical services for her daughter, and she did not sign a contract to pay for the cost of services incurred by her husband. Thus, even if defendant filed the collection suit against Glenda Crawford on the basis that she is liable under South Dakota law for necessary medical services supplied to her spouse, see S.D.Codified Laws Ann. §§ 25–7–1 & 25–7–2, defendant commenced the collection action in the wrong judicial circuit. As more fully explained above in the discussion of James

Crawford's claim, the statutory phrase "judicial district or similar legal entity" means the state judicial circuits. *See Kiggins,* 458 N.W.2d at 367. At the time defendant brought the collection suit, Glenda Crawford lived in Minnehaha County, which is located in the Second Judicial Circuit. Defendant incorrectly filed the collection action in the First Judicial Circuit. Therefore, the Court concludes that defendant violated the Fair Debt Collection Practices Act as to Glenda Crawford.

■ Federal law provides, however, that "[a] debt collector may not be held liable … if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). The Court concludes, based upon the testimony of defendant's President, Greg Adamson, that defendant shows by a preponderance of the evidence that the error was not intentional. Nonetheless, the statute requires defendant to also show by a preponderance that the violation "resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." Greg Adamson testified that he decides in which judicial circuit a collection lawsuit will be filed. He did not testify regarding any procedures defendant maintains to avoid such an error as occurred here. Because of this failure of proof, the Court concludes that defendant has not met its burden on the affirmative defense.

■ Federal law provides that where a debt collector fails to comply with any provision of the Fair Debt Collection Practices Act, the Court may award to the consumer the amount of any actual damages suffered, and in the case of an individual, "such additional damages as the court may allow, but not exceeding $1,000[.]" 15 U.S.C. § 1692k(a)(1) & 1692k(a)(2)(A). Plaintiff Glenda Crawford did not introduce evidence of actual damages. The Court finds that she is entitled to an award of $500.00 as "additional damages" under § 1692k(a)(2)(A). She is also entitled to an award of attorney's fees and costs under 15 U.S.C. § 1692k(a)(3).

The Court denies defendant's request for an award of attorney's fees as to James Crawford's claim, as the Court finds that plaintiff James Crawford did not bring this suit in bad faith and for the purpose of harassment. Accordingly,

IT IS ORDERED:

(1) that as to plaintiff James Crawford, the Court grants the motion for summary judgment filed by defendant Credit Collection Services (Doc. 22) and denies the summary judgment motion filed by plaintiff James Crawford. (Doc. 21).

(2) that as to plaintiff Glenda Crawford, the Court enters judgment in favor of plaintiff Glenda Crawford in the amount of $500.00 and against defendant Credit Collection Services.

(3) that plaintiff Glenda Crawford is entitled to an award of attorney's fees in the amount of $4,000.00, and an award of costs in the amount of $_____, to be hereinafter taxed and inserted by the Clerk of Courts.

(4) that defendant's request for an award of attorney's fees is denied.

(5) that plaintiff's oral motion for judgment as a matter of law, made at the commencement of the court trial, is denied as moot.