62 F.3d 277
 4 A.D. Cases 1239, 12 A.D.D. 232, 7
NDLR P 251
 Gerald L. BRUMLEY, Appellant,
v.
Federico F. PENA, as Secretary of Transportation; T. Allen
McArtor, and his successor in office Admiral James B. Busey,
in their capacities as Administrators of the Federal
Aviation Administration, Appellees.
 No. 94-3844.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 14, 1995.
Decided Aug. 16, 1995.
Rehearing and Suggestion
for Rehearing En Banc
Denied Sept. 20, 1995.
 
 David O. Bowden, Little Rock, AR, Darrell F. Brown, Darrell F. Brown & Associates, Little Rock, AR, for Gerald L. Brumley and Gerald L. Brumley, Little Rock, AR, pro se.
 Lesa Bridges Jackson, U.S. Attorney's Office, Little Rock, AR, for defendants.
 Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.
 HEANEY, Senior Circuit Judge.
 
 
 1
 Gerald L. Brumley appeals a district court order granting summary judgment to Federico F. Pena, Secretary of the United States Department of Transportation, and T. Allen McArtor, and his successor in office Admiral James B. Busey, in their capacities as Administrators of the Federal Aviation Administration (FAA), on Brumley's claim that the FAA violated the Rehabilitation Act when it refused to accord him priority consideration for re-employment pursuant to 5 U.S.C. Sec. 8151. We affirm.
 
 Background
 
 2
 Brumley was employed by the FAA until March 1974. In that year Brumley suffered severe reactive depression, left the FAA's employment, and began to receive compensation from the Office of Workers' Compensation Program (OWCP) of the United States Department of Labor. In 1985 Brumley elected to receive disability retirement payments from the Office of Personnel Management (OPM) in lieu of workers' compensation.
 
 
 3
 By letter dated December 30, 1987, Brumley contacted the FAA and requested priority consideration for restoration to duty under 5 U.S.C. Sec. 8151.[1] On February 9, 1988, the FAA responded that it was unable to determine whether Brumley was fully or partially recovered. The FAA's letter stated that this determination would affect Brumley's entitlement to placement. It also informed Brumley "that placement efforts will be initiated if it is determined that you are partially or fully recovered from your employment-related injury." In a March 4, 1988, letter, the FAA informed Brumley that reinstatement under section 8151 required a determination that Brumley had recovered or was restored to earning capacity. Shortly thereafter, in a letter dated March 22, 1988, the FAA told Brumley that 5 C.F.R. Sec. 353.307[2] entitled a recovered employee to priority consideration and stated that "recovery" in this context meant full recovery. This letter further stated that before it could afford him priority consideration for restoration to duty, Brumley needed the OWCP's verification that he was fully recovered.
 
 
 4
 Brumley then appealed to the Merit System Protection Board (MSPB). The MSPB concluded that Brumley's election of OPM disability retirement benefits in lieu of OWCP compensation did not affect his restoration rights. The MSPB remanded Brumley's case to an administrative law judge (ALJ) to determine whether Brumley was fully or partially recovered and whether the FAA violated his restoration rights. On remand, the ALJ ordered Brumley to submit to a psychiatric examination, but Brumley failed to do so.
 
 
 5
 On March 18, 1991, the FAA offered Brumley a medical examination by a board-certified psychiatrist to determine if he was fully recovered. Brumley refused to submit to that examination. While Brumley's case was on remand to the ALJ, he filed a complaint in federal district court asserting that he was entitled to restoration under section 8151. Thereafter, the ALJ issued a decision finding that Brumley failed to show that he was either fully or partially recovered. Brumley then petitioned the MSPB for review of the ALJ's decision. The MSPB denied the petition, and Brumley did not appeal the denial of review.
 
 
 6
 Brumley continued to pursue his district court action. Both sides moved for summary judgment. The district court granted the FAA's motion on the alternative grounds of judicial estoppel and lack of a viable Rehabilitation Act claim. Brumley now appeals.
 
 Discussion
 
 7
 We review de novo the district court's summary judgment in favor of the FAA, viewing the facts in the light most favorable to Brumley. See Ellis v. Evans, 960 F.2d 741, 743 (8th Cir.1992).
 
 
 8
 Disabled federal employees are entitled to restoration of employment upon recovery. 5 U.S.C. Sec. 8151. Depending on the level of recovery, there are two categories of restoration: A fully recovered employee is entitled to "priority consideration" for restoration to the position he left or an equivalent position anywhere within the agency with which the employee previously worked. 5 C.F.R. Sec. 353.303. A partially recovered employee is entitled to have "every effort" made for restoration to federal employment. 5 C.F.R. Sec. 353.304. Therefore, the level of recovery, full or partial, determines the extent of the priority accorded to a person seeking restoration to employment.
 
 
 9
 As an initial matter, the government concedes that a person receiving OPM disability retirement payments or workers' compensation benefits from OWCP is not precluded from applying for priority consideration for restoration to employment under section 8151. In agency proceedings, the ALJ had ruled that benefits must terminate before an application could be processed, but the MSPB held to the contrary. On appeal the government does not pursue this argument, and we need not address it further.
 
 
 10
 Even though termination of benefits is not a prerequisite to applying for employment restoration, the question remains of whether the FAA can require medical verification of recovery prior to placement on the section 8151 priority list. The FAA asserts that it has no adequate medical information upon which to base a determination that Brumley is either partially or fully recovered. Without knowing his level of recovery, the FAA is unable to determine the extent of the restoration rights to which Brumley is entitled.
 
 
 11
 Brumley contends that he does not have to submit to a medical examination until after he has been offered a job. He asserts that the Rehabilitation Act prohibits an employer from requiring a pre-employment physical examination, 29 C.F.R. Sec. 1613.706,[3] and that the completion of a medical examination is an inappropriate criterion for any employment selection. 29 C.F.R. Sec. 1613.705.[4]
 
 
 12
 The dilemma here is that Brumley is not an outside job applicant seeking employment at the FAA for the first time. Rather, he is a recipient of OPM disability payments who is seeking to exercise his re-employment rights with the FAA pursuant to section 8151. The extent of the re-employment rights to which Brumley is entitled depends on whether he is deemed fully or partially recovered. Thus we must read section 8151 and the provisions of the Rehabilitation Act cited by Brumley in pari materia to determine Brumley's rights. Reading the statutes and the regulations adopted thereunder as a whole, we conclude that the FAA retains the right to require that Brumley's medical condition be verified in order to determine his re-employment rights.
 
 
 13
 Our resolution of this case might be different if, at the time Brumley applied for priority restoration, the OPM had already terminated his disability retirement payments on the ground that he was no longer disabled. In that case the termination of benefits would serve to establish a prima facie case of full recovery, and a pre-reemployment medical examination would not be necessary to invoke restoration rights under section 8151. That is not the situation presented here, however. Brumley continues to receive OPM retirement disability payments, and he has not provided sufficient medical information upon which the FAA could base a determination that he had recovered, either partially or fully, from his disability so as to be eligible for priority consideration for restoration to employment under section 8151.
 
 Conclusion
 
 14
 We affirm the summary judgment decision that Brumley failed to present facts to support a viable claim under the Rehabilitation Act. Brumley remains free to make a new request for restoration to employment, subject to the requirement that he submit medical verification of his level of recovery.
 
 
 
 [1]
 Section 8151(b)(2) of the Federal Employees' Compensation Act states:
 (b) Under regulations issued by the Office of Personnel Management--
 (2) the department or agency which was the last employer shall, if the injury or disability is overcome within a period of more than one year after the date of commencement of compensation, make all reasonable efforts to place, and accord priority to placing, the employee in his former or equivalent position within such department or agency, or within any other department or agency.
 
 
 [2]
 5 C.F.R. Sec. 353.307, superseded by 5 C.F.R. Sec. 353.303, states:
 An employee who was separated because of a compensable injury and whose recovery takes longer than 1 year from the date compensation began (or from the time compensable disability recurs if the recurrence begins after the injured employee resumes regular full-time employment with the United States), is entitled to priority consideration for restoration to the position he or she left or an equivalent one provided he or she applies for reappointment within 30 days of cessation of compensation.
 A separate regulation discusses the rights of partially recovered employees. 5 C.F.R. Sec. 353.306, superseded by, 5 C.F.R. Sec. 353.304, states:
 Agencies must make every effort to restore, according to the circumstances in each case, an employee or former employee who has partially recovered from a compensable injury and who is able to return to limited duty.
 
 
 [3]
 29 C.F.R. Sec. 1613.706 states:
 Except as provided in paragraphs (b) and (c) of this section, an agency may not conduct a preemployment medical examination and may not make preemployment inquiry of an applicant as to whether the applicant is a handicapped person or as to the nature or severity of a handicap. An agency may, however, make preemployment inquiry into an applicant's ability to meet the medical qualification requirements, with or with out reasonable accommodation, of the position in question....
 (b) Nothing in this section shall prohibit an agency from conditioning an offer of employment on the results of medical examination conducted prior to the employee's entrance on duty, Provided, That: (1) All entering employees are subjected to such an examination regardless of handicap or when the preemployment medical questionnaire used for positions which do not routinely require medical examination indicates a condition for which further examination is required because of the job-related nature of the condition....
 
 
 [4]
 29 C.F.R. Sec. 1613.705 states:
 An agency may not make use of any employment test or other selection criterion that screens out or tends to screen out qualified handicapped persons or any class of handicapped persons unless: (1) The test score or other selection criterion, as used by the agency, is shown to be job-related for the position in question....