389 F.Supp. 412 (1974)
VIETNAM VETERANS AGAINST THE WAR, INC., Plaintiff,
v.
Richard C. VOSKUIL et al., Defendants.
No. 74561 C (2).
United States District Court, E. D. Missouri, E. D.
December 18, 1974.
*413 Taylor, Eichner & Hollander, St. Louis, Mo., Ruppert & Schlueter, Clayton, Mo., for plaintiff.
Donald J. Stohr, U. S. Atty., St. Louis, Mo., Donald J. Gavin, Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendants.

MEMORANDUM AND ORDER
REGAN, District Judge.
This matter is before the Court on defendants' motion to dismiss.
Plaintiff, a veterans organization, is a not-for-profit corporation desirous of obtaining tax exempt status. Defendants are the District Director of Internal Revenue Service at St. Louis and the Commissioner of Internal Revenue Service. In June, 1972, plaintiff filed an application for tax exempt status pursuant to Section 501(c)(4) of the Internal Revenue Code. By August 8, 1974, when this action was filed, the application had not yet been finally acted upon by the Internal Revenue Service.
In Counts I and II of the complaint, plaintiff seeks an order in the nature of mandamus to compel defendants to act immediately upon its application. These counts are identical except that in Count I the failure to act is alleged to be willful and malicious and motivated by a wrongful political purpose, while in Count II the failure to act is alleged to be arbitrary and capricious. Without regard to the reasons for the delay, however, the only relief which could have been granted under either Count I or Count II would be an order requiring defendants to rule on plaintiff's application for exempt status. And inasmuch as the Internal Revenue Service ultimately issued a ruling (on September 30, 1974) denying plaintiff's application for exempt status, (as both parties have advised us) Counts I and II have unquestionably been mooted.
In Count III plaintiff sought a declaratory judgment to the effect that it is qualified for status as an exempt organization, together with an injunction restraining defendants from refusing to issue to plaintiff an exemption letter and number.[1] Insofar as concerns the prayer for declaratory relief, it is clear that we are without subject matter jurisdiction, in view of the explicit provision of Section 2201, 28 U.S.C., excepting therefrom controversies "with respect to Federal taxes."
As for the injunctive relief which is prayed for in that count (that defendants be restrained from refusing to issue an exemption letter and number), we believe it equally clear that in the context of defendants' then failure to have acted on plaintiff's application, such relief was intended to be ancillary to the declaratory judgment as being further "necessary" relief based on such judgment within the purview of Section 2202, 28 U.S.C. If so, we would likewise be without jurisdiction to grant the injunction.
In the present status of this case, plaintiff's application has already been acted upon, although unfavorably, so that plaintiff is now remitted to the contention that independently of the declaratory relief it seeks, a mandatory injunction should now issue to compel defendants to revoke the ruling and affirmatively *414 grant plaintiff's application for exempt status. Even so, we are advised by plaintiff that the denial of its application is not yet administratively final, in that, as was its right, plaintiff has filed a protest with regard to the ruling. If the protest is ultimately denied, a different claim would be presented than that intended to be set forth in Count III, and such claim would not have been in existence as of the date this suit was filed.
In any event, it is our view that we are precluded by Section 7421, 26 U. S.C., as well as by Section 2201, 28 U.S. C., from granting the injunctive relief presently desired by plaintiff. Section 7421 prohibits suits "for the purpose" of restraining the assessment or collection of any tax. That such is the "purpose" of this action clearly appears from the complaint (see Paragraph 14, and see Bob Jones University v. Simon, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496, and Alexander v. "Americans United" Inc., 416 U.S. 752, 94 S.Ct. 2053, 40 L.Ed.2d 518).
In Bob Jones, the injunction sought was to prevent the Internal Revenue Service from revoking or withdrawing a ruling letter it had theretofore issued stating that the University qualified for tax exempt status. In "Americans United", the injunction sought was to compel the Service to reinstate a ruling letter it had previously issued but later withdrew or modified. In the present case, the desired injunctive relief (assuming this case to be in a posture to grant such relief) is clearly mandatory in nature to compel affirmative action to issue a favorable ruling letter which had never been issued and to revoke the previous denial thereof. Hence, as distinguished from Bob Jones and "Americans United" this case does not involve an attempt to prevent a "change of direction" by the Internal Revenue Service (to use Justice Blackmun's descriptive words dissenting in "Americans United") but rather is an attempt to compel a change in direction.
In asserting that we have jurisdiction, plaintiff argues that this case comes within the narrow exception to the statutory rule which is carved out in Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292. On the premise that the central purpose of the statute is to prevent judicial interference in the collection of lawful revenue, Williams Packing held that an injunction suit may be maintained only if a taxpayer shows (in addition to irreparable harm) that "under no circumstances could the Government ultimately prevail." That is, injunctive relief may be granted only if "under the most liberal view of the law and the facts" there is no legal foundation whatever for the Government's claim.
Upon consideration of the letter ruling setting forth the grounds upon which plaintiff's June 21, 1972 application was denied and plaintiff's protest, we cannot say that "under no circumstances" would the Government be able to sustain its denial of tax exempt status to plaintiff. Even the case of Center on Corporate Responsibility, Inc. v. Shultz, D.C.D.C., 368 F.Supp. 863, predicates its holding (that it had jurisdiction under Williams Packing) on the finding that there was no legal basis for the denial of exemption.
Aside from the fact that actions in the nature of mandamus involve other considerations than are involved in an ordinary injunction case, it is our view that in order to grant such mandatory injunctive relief, we would necessarily be required to issue the equivalent of a declaratory judgment adjudicating plaintiff's rights "with respect to Federal taxes," the very action which Section 2201, 28 U.S.C., prohibits.
It follows from the foregoing that under the rationale of Bob Jones University and "Americans United", supra, and the explicit provisions of Sections 2201, 28 U.S.C. and 7421, 26 U.S.C., Count III of this action in its present posture should be dismissed. Attention is called to footnote 22 of Bob Jones University *415 to the effect that the holding therein that Section 7421 bars preenforcement injunctive suits unless the standards of Williams Packing are met "should not be interpreted to decide whether injunctive relief is possible in a refund suit in a district court." The present is not, of course, a refund suit, as was Center on Corporate Responsibility.
Accordingly, it is hereby ordered that defendants' motion to dismiss should be and it is hereby sustained and this action is hereby dismissed without prejudice.
NOTES
[1] Bob Jones University v. Simon, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496, contains an instructive recital of the purpose and effect of the receipt of a letter ruling and the importance of the inclusion of an organization in the Cumulative List, the roster published by the Internal Revenue Service of tax exempt organizations which have received favorable ruling letters.