765 F.2d 123
 Michael Gene HAAS, Appellant,
v.
Chet WEINER, individually, and as agent for the State of
Minnesota, and as an agent for Region "E" Drug Investigation
Unit, and Region "E" Drug Investigation Unit, an agent for
all counties in the State of Minnesota and the State of
Minnesota, and the County of Redwood, and Sheriff Jerry
Luttman, Sheriff of Redwood County and authorized agent of
Redwood County, and Lyon County, and Leon Van Den Broeke, as
former sheriff of Lyon County and authorized agent of Lyon
County, and individually, and the County of Yellow Medicine,
and Paul R. Moe, as former sheriff of Yellow Medicine
County, as authorized agent of Yellow Medicine County, and
Martin Arimborgo, as authorized agent of Lyon County, and
individually, and John Doe and Richard Roe, authorized
agents of all counties of the State of Minnesota, County of
Big Stone, County of Chippewa, County of Jackson, County of
Kandiyohi, Lincoln County, McLeod County, Murray County,
Nobles County, and Swift County, Appellees.
 No. 84-5185.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 12, 1985.
Decided June 19, 1985.
 
 Allen Swen Anderson of Granite Falls, Minn., for appellant.
 Douglas Muirhead of Minneapolis, Minn., for appellees.
 Before LAY, Chief Judge, and ARNOLD, Circuit Judge, and SACHS,* District Judge.
 PER CURIAM.
 
 
 1
 This is an action under 42 U.S.C. Sec. 1983 brought by Michael Gene Haas, who was a prisoner in the Lyon County, Minnesota, Jail at the time of the events giving rise to his claim. The defendants are Paul Moe, Sheriff of Yellow Medicine County, Minnesota, and others. The District Court[1] granted the defendants' motion for summary judgment, and we affirm.
 
 
 2
 The principal theory underlying the complaint is that certain actions of Moe and other defendants inflicted cruel and unusual punishment on the plaintiff, in violation of the Eighth Amendment, made applicable to the states by the Due Process Clause of the Fourteenth Amendment. Plaintiff claims, in substance, that Moe approached him while he was in the Lyon County Jail and asked him to work as an undercover informant to set up drug deals between sellers and undercover law-enforcement agents. In exchange for this cooperation, it is alleged, Moe promised to get Haas a favorable sentence on pending aggravated-forgery charges in Yellow Medicine County. Haas accepted this offer, cooperated with Moe in undercover activities, and received in exchange a five-year "stayed" sentence on the Yellow Medicine County charges. Haas alleges that the defendants allowed him to have marijuana and alcohol for his use in the jail, that he also was required or at least permitted to use alcohol as part of his cover while working for defendants, and on occasion also smoked marijuana while working as a police agent. The alcohol and drugs were harmful to him, he alleges, because he is an alcoholic and a drug addict, which, it is claimed, Moe well knew. The alcohol and drugs thus consumed injured his health and interfered with his progress in a chemical-dependency treatment program in which he was enrolled during the final three months of his Lyon County sentence. Sheriff Moe, it is also alleged, pressured Haas while he was at the treatment program and finally succeeded in getting him to agree to do additional undercover police work.
 
 
 3
 We approach this case mindful that summary judgment is an extreme remedy, to be granted only if no genuine issue exists as to any material fact. Applying this strict standard, we are nevertheless of the opinion that the District Court correctly held in defendants' favor. As the District Court observed, Haas has simply not alleged conduct sufficiently barbarous to constitute a violation of the Eighth Amendment. There is no substantial evidence that Haas's will was overborne, or that he was offered inducements that he did not have the power to resist if he chose. Indeed, he initially refused Moe's proposition, and later agreed to it only after consulting with counsel. He was not denied any needed medical treatment. He did in fact receive 58 days of chemical-dependency treatment as contemplated by the Lyon County sentence. His consumption of marijuana and alcohol while in the Lyon County Jail was admittedly voluntary, and conduct in which one voluntarily engages can hardly be said to violate the Eighth Amendment.
 
 
 4
 We do not mean in any way to condone the supplying of illegal drugs to prison inmates, or the falsification of prison records by state officials, which Haas also charges. The allegations of this complaint, if true, would be grounds for discipline of his jailers, and might also provide him with claims under state law. Our action in affirming the District Court's dismissal of Haas's federal claims is without prejudice to his right to pursue any of these remedies.
 
 
 5
 Affirmed.
 
 
 
 *
 The Hon. Howard F. Sachs, United States District Judge for the Western District of Missouri, sitting by designation
 
 
 [1]
 The Hon. Harry H. MacLaughlin, United States District Judge for the District of Minnesota