Kenneth A. GINTER, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 92–4062–CV–C–5.

United States District Court,
W.D. Missouri,
Central Division.

Jan. 6, 1993.

Craig A. Van Matre, Everett S. Van Matre, Columbia, MO, for plaintiff.

John T. McGuire, U.S. Dept. of Justice, Washington, DC, for defendant.

ORDER

SCOTT O. WRIGHT, Senior District Judge.

Before this Court are plaintiff's motion for partial summary judgment, defendant's memorandum opposing plaintiff's motion, and defendant's motion to dismiss Count II of plaintiff's amended complaint. For the reasons set out below, plaintiff's motion will be denied and defendant's motion will be granted.

*Background*

Plaintiff in this case brought suit against the United States of America seeking a refund of taxes assessed and paid. During the period in issue, plaintiff operated a sole-proprietorship known as Mid–Mo Mobile Home Brokers. Plaintiff classified his workers as independent contractors, and thus did not pay employment taxes on the workers. Plaintiff also did not file forms W–2 or forms 941 on the workers, but forms 1099. In 1985 the IRS began auditing plaintiff and on November 13, 1989, assessed taxes and penal-

ties, having determined that the workers in question were employees, not independent contractors. As required, plaintiff paid the taxes assessed for one quarter and filed a claim for a refund. The claim was disallowed and plaintiff brought suit in this Court.

*Jurisdiction*

As a preliminary matter, this Court will discuss defendant's contention that this Court does not have subject matter jurisdiction to consider plaintiff's motion for partial summary judgment. The basis for plaintiff's motion is the claim that the Statute of Limitations (SOL) has run, barring assessment and collection of the taxes for the years 1984 and 1985. Defendant contends that plaintiff failed to raise the SOL in his claim for refund submitted to the IRS, thus it is not properly before this Court. "A ground for refund neither specifically raised by, nor included within the general language of, a timely claim for refund cannot be considered by a court in which a suit for refund is subsequently initiated." *First National Bank of Fayetteville v. United States of America,* 727 F.2d 741, 744 (8th Cir.1984) [citations omitted]. Plaintiff does not deny that his first claims for refund submitted to the IRS failed to raise the SOL issue. However, plaintiff asserts that he filed successive claims for refund on June 17, 1992, after the initial claims were disallowed. On these successive claims, plaintiff in fact raised the issue of the SOL. Although the IRS apparently has not yet issued a determination as to the validity of the grounds raised in the successive claims, six months have passed since the claims were filed, thus, according to 26 U.S.C. § 6532, the issues raised in the successive claims are now properly before this Court.

*Standard for Summary Judgment*

Having determined that this Court has subject matter jurisdiction to consider plaintiff's motion for partial summary judgment, the Court will now consider the motion.

Fed.R.Civ.P. 56(c) requires "the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 321–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The burden on the party moving for summary judgment "is only to demonstrate ... that the record does not disclose a genuine dispute on a material fact." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op.,* 838 F.2d 268, 273 (8th Cir.1988). This burden is met once the moving party identifies portions of the record bearing out its assertions. *White v. McDonnell Douglas Corp.,* 904 F.2d 456, 458 (8th Cir.1990).

Once the moving party has done so, a party opposing summary judgment may not rest merely upon the allegations in its pleadings. *Green v. St. Louis Housing Authority,* 911 F.2d 65, 68 (8th Cir.1990). The burden shifts to the non-moving party to go beyond his pleadings and by affidavit or by "depositions, answers to interrogatories, and admissions on file" show that there is a genuine issue of fact to be resolved as trial. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." *Haas v. Weiner,* 765 F.2d 123, 124 (8th Cir.), *cert. denied,* 474 U.S. 981, 106 S.Ct. 386, 88 L.Ed.2d 338 (1985). In ruling on a motion for summary judgment, this Court must view all facts in a light most favorable to the non-moving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. *Robinson v. Monaghan,* 864 F.2d 622, 624 (8th Cir.1989). On the other hand, this Court must grant summary judgment if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

ANALYSIS

The parties in this case apparently do not disagree about the underlying facts, which are set out above in the section entitled "Background." The issue presented, whether filing of the "wrong" return triggers the

3–year SOL of § 6501 of the Internal Revenue Code, is an issue of law and thus is properly presented to this Court in a motion for summary judgment.

The law is clear that "statutes of limitation sought to be applied to bar rights of the Government must receive a strict construction in favor of the Government." *Badaracco v. Commissioner*, 464 U.S. 386, 391, 104 S.Ct. 756, 761, 78 L.Ed.2d 549 (1984); *E.I. Dupont de Nemours & Co. v. Davis*, 264 U.S. 456, 461, 44 S.Ct. 364, 366, 68 L.Ed. 788 (1924). This is a general guideline, the Court still must consider the particular facts of this case and the applicable law.

■ The IRS assessed taxes and penalties for all four quarters of 1984, all four quarters of 1985 and all four quarters of 1986. The parties agree that the date of assessment was November 13, 1989. The issue is whether the returns filed by plaintiff are "the returns" contemplated by 26 U.S.C. § 6501 that start the SOL running. § 6501 reads as follows:

> **§ 6501. Limitations on assessment and collection**
>
> (a) **General rule.**—Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within three years after the return was filed ...

The forms 1099 filed by plaintiff are informational returns. The forms are entitled "Miscellaneous Income" and provide a section for the "payer's name, address and zip code," and for the "recipient's name, address and zip code." They contain small sections which are headed as follows: "Rents", "Royalties", "Prizes and Awards", "Federal income tax withheld", "Fishing boat proceeds", "Medical and health care payments", "recipient's identifying number", and "Nonemployee compensation". These are the correct forms to file if one's workers are in fact independent contractors. They are not the correct forms to file if one's workers are employees. In that case, an employer is required to file forms 940 and 941. Plaintiff argues, nonetheless, that the forms 1099 filed constitute "returns" and thus started the SOL running when filed. To support his argument, plaintiff contends that the information provided by the filing of a form 1099 is very similar, if not identical, to the information provided when a form 941 is filed. He also cites Revenue Ruling 72–161, which discusses different situations and the question of whether a form filed would be sufficient to start the SOL running. He also cites *Cline v. Commissioner*, T.C.Memo 1988–144, 1988 WL 29753, and *Denman v. Motter*, a Kansas case decided in 1930.

The plaintiff's arguments are not convincing. Although the filing of a form 1099 provides information similar to that provided by the filing of a form 941, there is a very important difference. The form 1099 asks for "nonemployee compensation." The Form 941 seeks specific information about money paid to employees. An IRS official reviewing a form 1099 is led to believe that the "recipient" is not an employee. That same IRS official reviewing a form 941 knows he is looking at information pertaining to an employee.

Plaintiff's reliance on Revenue Ruling 72–161 is similarly misplaced. Revenue Ruling 72–161 discusses whether, in different circumstances, the filing of a *form 941* will trigger the limitations period. In this case, no form 941 was filed, thus that revenue ruling is inapplicable.

In *Cline v. Commissioner*, T.C.Memo 1988–144, the IRS assessed excise taxes against an employee of an exempt organization. She asserted the SOL as a defense, claiming that the employer's timely-filed forms 990–PF were returns and started the SOL running. The Tax Court, citing Regulation § 301.6501(n)–1(a)(1), which specifically states that the forms 990–PF were the proper forms to have filed in this situation and were returns that triggered the SOL, found that the SOL had run and the IRS was barred from assessing and collecting the excise taxes. Clearly, this is a different case. The forms 940 and 941 are the proper returns to have filed, a form 1099 is not. Thus, plaintiff's reliance on *Cline* is, again, misplaced.

As for *Denman v. Motter*, 44 F.2d 648 (D.Kan.1930), the facts of that case are significantly different than the facts of this case.

In that case, accountants for the plaintiff partnership were unable, despite "earnest and diligent efforts" to obtain a form 1102 excess profits tax return. The accountants made up a return on plain paper, attached it to the partnership income tax return and filed it on behalf of the partnership. The District Court found that by filing this substitute return, the partnership "gave the government the same information it would have received if it had been sent on form 1102." *Denman v. Motter*, 44 F.2d at 649. The *Denman* case does not help plaintiff's argument. Furthermore, review of additional case law indicates plaintiff's motion for summary judgment should be denied.

In *Germantown Trust Co. v. Commissioner*, 309 U.S. 304, 60 S.Ct. 566, 84 L.Ed. 770 (1940), the Supreme Court held that a trust company's filing of a form 1041 fiduciary return was sufficient to trigger the applicable SOL, even though the IRS later determined that a form 1120 corporate income tax return should have been filed. In explaining this decision, the Court stated that the form actually filed "contained all of the data from which a tax could be computed and assessed although it did not purport to state any amount due as tax." 309 U.S. at 308, 60 S.Ct. at 568.

Several years later, in *Commissioner v. Lane-Wells Co.*, 321 U.S. 219, 64 S.Ct. 511, 88 L.Ed. 684 (1944), the Court had before it a case involving a corporation that was a personal holding company. The law required such a company to file two returns, a form 1120 corporate income tax return *and* a form 1120H which pertained to its status as a personal holding company. The company had filed the form 1120, and on that form had responded to the question "Is the corporation a personal holding company . . . ?" by answering "no". The company had been advised "and in good faith believed, that it was not a personal holding company within the meaning of the Act." 321 U.S. at 220, 64 S.Ct. at 512. Despite the company's good faith, the Court found that the filing of the corporate tax return was not enough to trigger the SOL. The Court, in its opinion, discussed the *Germantown* case, and distinguished that case from *Lane-Wells* by noting that in *Ger-*

*mantown* the return filed addressed the tax liability involved, while in *Lane-Wells* there was no return which addressed the tax liability in question. Further, in *Lane-Wells*, "the returns did not show the facts on which liability would be predicated." 321 U.S. at 223, 64 S.Ct. at 513.

■ It appears that the key to determining whether filing of the wrong return will trigger the SOL is deciding whether the information provided on the wrong return is sufficient to allow an agent reviewing the return to determine how much tax is due. *Germantown*, 309 U.S. at 307, 60 S.Ct. at 568 (1940); *Lane-Wells*, 321 U.S. at 222, 64 S.Ct. at 513; *Automobile Clubs of Michigan v. Commissioner*, 353 U.S. 180, 187, 77 S.Ct. 707, 712, 1 L.Ed.2d 746 (1957); *Neptune Mutual Association v. United States*, 862 F.2d 1546, 1555 (Fed.Cir.1988). In this case, the information provided was not sufficient because it was not evident that the workers/recipients were employees; there was not even a clue to alert IRS officials to this fact. In fact, it was represented that they were "nonemployees", or at least that the money paid to them was "nonemployee compensation".

Based on the foregoing, plaintiff's motion for partial summary judgment will be denied. The Court now turns to consideration of defendant's motion to dismiss Count II of plaintiff's amended complaint.

*Standard for Motion to Dismiss*

In a motion to dismiss, the court must accept plaintiff's alleged facts as true. *City of Los Angeles v. Preferred Communications, Inc.*, 476 U.S. 488, 493, 106 S.Ct. 2034, 2037, 90 L.Ed.2d 480 (1986). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A claim shall be dismissed only where, without a doubt, the claimant could not prove facts to support the claim for relief. *Id.*

Defendant seeks to have Count II dismissed. In Count II, plaintiff asks the Court to render a declaratory judgment stating that the SOL has expired for tax years 1984

and 1985, that the assessments for those years are, therefore, void and that all collection efforts should cease. In their motion to dismiss, defendants argue that this Court does not have authority to issue such a declaratory judgment. In his reply to defendant's motion, plaintiff states:

"Plaintiff believes that Plaintiff can make a good faith argument in support of his claim for a declaratory judgment against the Defendant in this case ... However, Plaintiff believes that a ruling on Plaintiff's Summary Judgment Motion in favor of Plaintiff in respect to Count I of Plaintiff's First Amended Complaint will have the same effect as the entry of a declaratory judgment by this Court ... For these reasons, Plaintiff will not raise any legal argument with respect to Defendant's Motion to Dismiss Count II of Plaintiff's First Amended Complaint, although Plaintiff does not stipulate and consent to such dismissal."

As discussed above, the Court declines to grant plaintiff's motion for summary judgment. Further, a review of the law convinces this Court that defendant's motion to dismiss Count II should be granted.

The United States cannot be sued without its consent, the terms of which define a court's jurisdiction. *Lehman v. Nakshian,* 453 U.S. 156, 159, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981); *United States v. Testan,* 424 U.S. 392, 397, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1352, 63 L.Ed.2d 607 (1980); *United States v. King,* 395 U.S. 1, 2, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969); *Soriano v. United States,* 352 U.S. 270, 272, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957). Therefore, no suit may be maintained against the United States unless it is brought in exact compliance with the terms of the statute under which the United States has consented to be sued. *Soriano, supra; United States v. Sherwood,* 312 U.S. 584, 588–92, 61 S.Ct. 767, 771–72, 85 L.Ed. 1058 (1941).

The plaintiff has not cited statutory authority for Count 2 of his amended complaint.

28 U.S.C. § 2201 gives a federal court authority to issue a declaratory judgment against the United States "except with respect to federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986." 28 U.S.C. § 2201(a). The current action is not brought pursuant to section 7428 of the Internal Revenue Code, pertains to federal taxes, and thus does not fall within the authority granted in § 2201.

The general rule is federal courts do not have power to issue declaratory judgments with respect to federal tax matters. *See, Lewis v. Sandler,* 498 F.2d 395 (4th Cir.1974); *Hunsucker v. Phinney,* 497 F.2d 29 (5th Cir.1974), *cert. denied,* 420 U.S. 927, 95 S.Ct. 1124, 43 L.Ed.2d 397 (1975); *In re Statmaster Corporation,* 465 F.2d 978 (5th Cir.1972); *West Chester Feed & Supply Co. v. Erwin,* 438 F.2d 929 (6th Cir.1971); *In re Wingreen Company,* 412 F.2d 1048 (5th Cir. 1969); *Mitchell v. Riddell,* 402 F.2d 842, 846 (9th Cir.1968), *cert. denied,* 394 U.S. 456, 89 S.Ct. 1223, 22 L.Ed.2d 415 (1969); *U.S. v. Teitelbaum,* 342 F.2d 672 (7th Cir.1965); *Vietnam Veterans Against the War v. Voskuil,* 389 F.Supp. 412 (E.D.Mo.1974). Plaintiff has failed to indicate that this case involves an exception to the general rule. Thus, this Court does not have authority to issue a declaratory judgment as sought in Count II.

Based on the uncontested facts of this case, and the applicable law, defendant's motion to dismiss plaintiff's Count II will be granted.

Accordingly, it is hereby

ORDERED that plaintiff's motion for partial summary judgment is denied. It is further

ORDERED that defendant's motion to dismiss Count II of plaintiff's amended complaint is granted.