**IT IS HEREBY ORDERED** that Ryobi's Motion to Compel Deposition Testimony of Jeffrey L. Garrett and Polster Leider [# 51] is **DENIED.**

**IT IS FURTHER ORDERED** that Ryobi's Motion to Compel Production of Withheld Documents [# 56] is **GRANTED,** in part, and **DENIED,** in part. Those documents listed as # 1 and # 2 on Emerson's privilege log are to be produced to Ryobi in a manner consistent with the protective order previously entered in this case.

Vicki L. McGARRY, et al., Plaintiffs,

v.

**DIRECTOR, DEPARTMENT OF REVENUE, STATE OF MISSOURI, Defendant.**

No. 96–4249–CV–C–66BA.

United States District Court, W.D. Missouri, Central Division.

May 20, 1998.

spaces provide disabled persons with easier access to the facilities and accommodate the space requirements of special equipment.

A special license plate or a windshield parking placard issued by a state is required to lawfully park in these reserved parking spaces. Missouri charges disabled persons $2.00 for a windshield parking placard, but imposes no additional fee for a special license plate. The windshield placard provides better access to reserved places because it can be used if the disabled person does not own a car, is using a friend's car or rented vehicle, or is being driven by someone else who is not disabled. The license plate is not useful in those situations.

The State, by its licensing and law enforcement activities, controls access to disabled person parking places. The Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. (ADA), requires the State to provide the disabled with access to public services and facilities under its control and it prohibits the State from charging disabled persons for the costs of special accommodations or access. Accordingly, the $2.00 fee, imposed on the three plaintiffs in this case who do not choose to have a specially designated license plate or who cannot effectively use one, violates the provisions of the ADA.

Frederick M. Switzer, III, Danna, McNary, Stockenberg & Soraghan, Clayton, MO, Stephen R. Senn, Peterson & Myers, J. Davis Connor, Lakeland, FL, for Plaintiffs.

Tina M. Crow Halcomb, Missouri Attorney General's Office, Jefferson City, MO, for Defendant.

### AMENDED ORDER

KNOX, United States Magistrate Judge.

Parking is reserved for disabled persons near an entrance to most commercial and public facilities. One of the main goals of providing preferred parking is to eliminate some of the difficulties encountered by disabled persons in gaining access to facilities and services. Legislation which eliminates physical barriers and places disabled people on a more equal footing with the nondisabled is a permissible component of the concept of equal protection of the law. The reserved

### Background

In a complaint filed on July 5, 1996, plaintiffs challenge the State's practice of charging disabled persons $2.00 fees for the issuance of removable windshield parking placards. Plaintiffs request the court to declare that the fees violate the ADA. They also seek certification of a class, reimbursement of fees previously paid, injunctive relief prohibiting future charges for the placards, and an award of attorney fees and expenses.

On September 22, 1997, the parties filed motions for summary judgment. Defendant asserts it is entitled to judgment as a matter of law because the ADA does not apply. Defendant also states that even if the ADA applies, the placards are an optional substitute, which persons with qualifying disabilities may use in lieu of obtaining distinguishing license plates, and that the Department

of Revenue, as a state entity, is entitled to judgment based on Eleventh Amendment immunity.

Plaintiffs also seek summary judgment. They assert there are no genuine issues of material fact and they are entitled to judgment as a matter of law. They claim disabled persons may not be lawfully charged for measures required under the ADA and that the windshield parking placard is required by the ADA.

## Summary Judgment Standard

Fed.R.Civ.P. 56(c) requires 'the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.' *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden on the party moving for summary judgment "is only to demonstrate ... that the record does not disclose a genuine dispute on a material fact." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op.,* 838 F.2d 268, 273 (8th Cir.1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." *Haas v. Weiner,* 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts.

*Robinson v. Monaghan,* 864 F.2d 622, 624 (8th Cir.1989).

If "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment. Fed.R.Civ.P. 56(c).

## Statement of Facts

A Missouri statute authorizes the issuance of special license plates and removable parking placards to qualified individuals with disabilities and to those who transport the disabled. Mo.Ann.Stat. § 301.142 (West 1994 & Supp.1998). Persons with these special license plates or removable parking placards may park their vehicles in parking places designated as reserved for disabled individuals. It is unlawful to park in the reserved spaces without a special license plate or removable parking placard.

The annual fees for special license plates are the same as fees for regular license plates. No fees are assessed for the disability insignia on the plates. The fees for removable parking placards are $2.00 annually. *See* Mo.Ann.Stat. § 301.142 (West 1994 & Supp.1998).

Plaintiffs Vicki McGarry, Charlotte Klingler and Charles Wehner are residents of St. Louis County, Missouri, who have qualified for and obtained windshield parking placards to allow them to park in spaces reserved for handicapped individuals. In August of 1997, plaintiffs were 41, 65 and 75 years of age, respectively.

Plaintiff McGarry has multiple sclerosis, is limited in her ability to walk and utilizes a wheelchair. She obtained her first permanent placard[1] from the Missouri Department of Revenue in 1992. She and her husband own a motor vehicle, but do not have a disabled person license plate. Her husband, friends, and other family members provide her with transportation.

Plaintiff Klingler is permanently disabled because of foot ulcers. She has diabetes mellitus and is limited in her ability to walk. She uses a wheelchair when shopping or

---

1. Plaintiffs distinguish permanent placards from temporary placards. Temporary placards are available to individuals who are expected to be disabled or incapacitated for less than 180 days. Fees for temporary placards are not challenged in this lawsuit.

walking any distance. At times, she is unable to walk. She obtained her first permanent parking placard in 1993. She does not own or operate a motor vehicle. Her husband has an automobile but does not have a disabled person license ·plate. Plaintiff's husband works three days a week and cannot provide all of plaintiff's transportation needs.

Plaintiff Wehner owns and operates a motor vehicle. He obtained his first permanent parking placard in 1993, because he is mobility impaired. He has arthritis in his knees and can walk only very short distances. He does not have a disabled person license plate and frequently relies upon friends and family for transportation.

The ADA covers individuals who have a physical or mental impairment that substantially limits one or more of life's major activities. "Major life activities" includes walking. 29 C.F.R. § 1630.2(i). "Substantially limits" is defined as being unable to perform a major life activity that the average person in the general population can perform or being significantly restricted as to the condition, manner or duration under which he or she can perform a major life activity. 29 C.F.R. § 1630.2(j)(1).

The named plaintiffs in this case suffer from medical conditions which substantially limit their ability to walk. For purposes of the motions under consideration, defendant does not challenge whether the three plaintiffs fall within the protections of the ADA or are entitled to obtain disabled person license plates or parking placards.

Under the provisions of Mo.Ann.Stat. § 301.142, individuals who obtain a disabled person license plate may also obtain one removable placard. Individuals who do not obtain a disabled person license plate may purchase two placards. Upon a proper showing, windshield parking placards are available to organizations or individuals who provide transportation services to persons with disabilities.

## Discussion

### *The Eleventh Amendment Defense*

█ Defendant claims it is immune from this action based on the Eleventh Amendment of the United States Constitution. In a recent opinion, the Eighth Circuit analyzed the issue and held that the "ADA represents a proper exercise of Congress's Section 5 enforcement power under the Fourteenth Amendment. As a result, Minnesota is not entitled to Eleventh Amendment immunity from actions brought pursuant to the ADA." *Autio v. AFSCME, Local 3139*, 140 F.3d 802, (8th Cir.1998). The reasoning set forth in that case applies to Missouri in this case. Accordingly, defendant's Eleventh Amendment immunity defense fails.

### *The Tenth Amendment Defense*

█ Defendant argues that the ADA violates the Tenth Amendment to the United States Constitution because it requires the states to "administer and enforce a comprehensive federal program relating to access and services for the disabled. It is an unfunded federal mandate and, as such, it is unconstitutional." Doc. 63 at 24. Defendant bases its argument on the decision in *Printz v. United States*, —— U.S. ——, 117 S.Ct. 2365, 138 L.Ed.2d 914 (1997).

In *Printz*, the Court held that portions of the Brady Bill requiring state law enforcement officers to administer a portion of the federal regulatory program at the state's expense was a violation of the Tenth Amendment.[2] The regulations encroached upon the powers reserved to the states. The Tenth Amendment provides that "powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."

The Brady Bill was enacted pursuant to Congress's powers under the **Commerce Clause.** *See Constitution of the United States*, Art. I, § 8. The Court held that "[t]he Federal Government may not compel the States to implement, by legislation or execu-

---

**2.** The Brady Bill mandated background checks, by state and local government employees, at state expense, of handgun purchasers.

tive action, federal regulatory programs" under the authority of the **Commerce Clause.** *Printz,* —— U.S. at ——, 117 S.Ct. at 2380.

■ The ADA was enacted pursuant to Congress's remedial powers under section 5 of the Fourteenth Amendment. "Because the [Fourteenth] Amendment was adopted with the specific purpose of limiting state autonomy, constitutional principles of federalism do not restrict congressional power to invade state autonomy when Congress legislates under § 5 of the Fourteenth Amendment." *Condon v. Reno,* 913 F.Supp. 946, 965 (D.S.C.1995) (quoting *Fitzpatrick v. Bitzer,* 427 U.S. 445, 450–456, 96 S.Ct. 2666, 2669–2671, 49 L.Ed.2d 614 (1976)). The ADA is a valid remedial program designed to stop unconstitutional discrimination against particular groups of individuals. *Autio v. AFSCME, Local 3139,* 140 F.3d 802 (8th Cir.1998). Therefore, the ADA does not violate the Tenth Amendment of the United States Constitution because it is a valid exercise of congressional power under the Fourteenth Amendment. The Tenth Amendment is not a limit on the powers of Congress exercised pursuant to the Fourteenth Amendment.

*Conflict Between the DOT and DOJ Regulations*

■ Defendant seeks summary judgment on the basis the ADA does not apply to the circumstances of this case. Defendant asserts handicapped parking and parking placard fees are covered under the specific provisions of Pub.L. 100–641, 102 Stat. 3335 (Nov. 9, 1988) and a "Uniform System for Parking for Persons with Disabilities" (USPPD), 23 C.F.R. Pt. 1235 (hereinafter "DOT regula-

tions"), rather than the more general provisions of the ADA and 56 Fed.Reg. 35716 (1991) (hereinafter "DOJ regulations").[3]

Missouri enacted statutes consistent with the DOT regulations and the defendant developed a program to comply with those statutes and the federal regulations. Plaintiffs do not challenge the program as implemented, other than with regard to the $2.00 placard fee. Defendant suggests that Congress did not intend for the ADA to render useless the new uniform system specifically designed to address the parking and access needs of physically disabled persons.

Plaintiffs counter that Pub.L. 100–641 (on which the DOT regulations are based) became law on November 9, 1988, approximately two years before the enactment of the ADA. Public Law 100–641 has no enforcement mechanism and is not codified in the United States Code. It "encourages adoption of such system by all the States," Pub.L. 100–641 § 3, but does not mandate compliance.

In contrast, the ADA is not a voluntary program that states may choose to adopt. The statute provides that qualified, disabled persons shall not be denied participation in or the benefits of public services, programs or activities because of their disability and shall not be discriminated against by a public entity.[4] 42 U.S.C. § 12132.

To implement the ADA and its underlying purposes, Congress directed the Department of Justice to promulgate regulations. Relevant portions of the regulations state the benefit or service to the disabled person should not be less effective in affording equal opportunity than that provided to the nondisabled.[5] 28 C.F.R. § 35.130(b)(1)(iii). Thus,

---

3. The DOJ regulations were published in 1991, relate to disability discrimination generally, and prohibit a surcharge on measures which provide nondiscriminatory treatment under the ADA. The DOT regulations were published in 1988, and were promulgated for the express purpose of regulating disabled person parking.

4. "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or he subjected to discrimination by any such entity." 42 U.S.C. § 12132.

5. "A public entity, in providing any aid, benefit, or service, may not, directly or through contractual, licensing, or other arrangements, on the basis of disability—

＊　＊　＊　＊　＊　＊

(iii) Provide a qualified individual with a disability with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others; ...." 28 C.F.R. § 35.130(b)(1).

equal opportunity and nondiscrimination are vital parts of the legislation.

The regulations also provide that

[a] public entity may not place a surcharge on a particular individual with a disability or any group of individuals with disabilities to cover the costs of measures, such as the provision of auxiliary aids or program accessibility, that are required to provide that individual or group with the nondiscriminatory treatment required by the Act or this part.

28 C.F.R. § 35.130(f). The surcharge provision prevents disabled persons from being denied access to the benefits or services because they do not have the funds to pay for them, and it spreads the costs of such benefits or services to all users or taxpayers.

Compliance with the ADA, however, does not mean that the relevant DOT regulations and Missouri parking system are obsolete. This is so because there are no conflicting mandatory directives. The ADA generally prohibits any form of discrimination against disabled persons by a public entity. It provides remedies for violations and is broad enough to cover discrimination in parking or access to public buildings or facilities. The USPPD encourages the states to comply with uniform handicapped parking guidelines but it does not mandate or prohibit any particular conduct. Although the charging of parking placard fees is inferentially permitted under the USPPD, it is not required.

The ADA does not render the USPPD meaningless, but merely prohibits the charging of a fee for access to the benefits of the program if the fee results in discriminatory treatment on the basis of disability. The DOJ regulations prohibiting charges for benefits supersede any conflicting DOT regulations.

*The Parking Placards as Optional Supplements to Distinguishing License Plates Defense*

■ Defendant next asserts its parking program goes beyond the requirements of the ADA and parking placards are not required to provide disabled persons with equal access to public facilities. Thus, defendant claims the fee for the optional placard does not violate the ADA.

Defendant correctly points out that the ADA allows public entities to provide equal or greater protection to disabled persons than what is required by the statute.[6] 42 U.S.C. § 12201(b). Whether the placard is required by the statute or is in excess of the requirements, however, is an issue of law to be decided by the court.

Clearly, in Missouri, the receipt of a disabled person license plate or placard avails the recipient of a broad range of rights and benefits.[7] Missouri laws recognize exclusive and preferential parking spaces on public and private properties for recipients and provide screening mechanisms to curb abuse.

Additionally, Missouri law makes it unlawful to park in a space designated for disabled persons unless the vehicle has a special identification license plate or a distinguishing placard. See Mo.Ann.Stat. § 301.143.4–7 (Vernon's Supp.1998). Vehicles without the special license plate or placard may be removed and the drivers may be fined.[8] Spe-

---

**6.** "[N]othing in this chapter shall be construed to invalidate or limit the remedies, rights, and procedures of any Federal law or law of any State or political subdivision of any State or jurisdiction that provides greater or equal protection for the rights of individuals with disabilities than are afforded by this chapter." 42 U.S.C. § 12201(b).

**7.** "The State of Missouri provides a comprehensive priority parking system for use by individuals who meet the specific criteria set forth in 'Registration and Licensing of Motor Vehicles,' § 301.142, RSMo. Missouri's disabled parking laws not only recognize exclusive and preferential parking spaces on public and private properties, but provide screening mechanisms to stem abuse.

Specifically, § 301.142.3, RSMo. provides that, upon application, the Director of Revenue shall issue a special identification license plate or plates to a disabled person. Pursuant to § 301.142.4, RSMo., the disabled individual pays no additional fee for the issuance of disabled person license plates. The cost of the original and renewal special identification license plate issued to a disabled individual is the same as the cost charged to the non-disabled person for an original and renewal license plate which bears no special identification."Doc. 51 at 23, submitted by defendant.

**8.** "Any person who parks in a space reserved for physically disabled persons and is not displaying distinguishing license plates or a card is guilty of

cially designated spaces are generally provided on public streets, in public parking lots and in private parking lots.

Plaintiffs do not dispute the array of benefits available, but instead argue that the benefits are available without charge only to those with special identification license plates and the license plates are inadequate. They assert the placards are not an optional accommodation, but a requirement under the ADA for which there should be no charge.

Plaintiffs attest that not all disabled persons own or drive vehicles and they are often transported by friends and family members. They note that special license plates cannot be moved from vehicle to vehicle. They cannot be taken on vacations or business trips where rental cars will be used once the destination has been reached. They cannot be placed on locally rented vehicles and they can only be issued to vehicle owners. Additionally, not every disabled person is eligible for a special license plate. Plaintiffs point out that one of the plaintiffs does not own a vehicle and is not eligible for a special license plate.[9]

Close parking is essential if disabled persons are to have access to facilities and services comparable to that available to the nondisabled population. Nondisabled persons are not as limited in obtaining access to the same facilities and services if close parking is not available. If disabled persons must wait for someone with a special license plate to transport them, they may miss appointments and other activities.

On the other hand, the removable placards are easily transported with the disabled person and can be used in any vehicle. This allows the disabled person to participate more conveniently in a broader range of life's necessary and optional activities. It also allows them to have access to public accommodations and services as similar as possible to that available to the nondisabled. Thus, plaintiffs argue that the license plate is a less effective means of access and it is the removable placard, not the distinguishing license plate, that equalizes access to the benefits of the program to all qualified disabled persons. Therefore, they assert the placard is not an optional supplement or substitute and the $2.00 charge for the removable placard violates the provisions of the ADA.

The regulations prohibit aids, benefits or services that are less effective in affording "equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others." 28 C.F.R. § 35.130(b)(1)(iii). After considering the pleadings on this issue, the court finds (1) there are clearly times when the distinguishing license plates are not as effective as the placards, and (2) there are groups of disabled persons for whom the distinguishing license plates are not available. The ADA's implementing regulations prohibit discrimination on the basis of disability against groups of disabled persons as well as against disabled persons generally. *See* 28 C.F.R. § 35.130(f). Discrimination against the disabled who do not own automobiles is not permitted.

Thus, parking placards are not, in every case, an optional supplement. For at least some individuals, parking placards are part of the measures required to provide nondiscriminatory treatment required by the ADA.

*The Defense that the Disabled Who do not Own Cars are not Entitled to Use Disabled Parking*

Defendant claims the $2.00 charge does not violate the ADA because individuals with automobiles may obtain the distinguishing license plates without additional charge and individuals who do not have automobiles are not qualified for participation in the parking program because they do not have cars.

The court is not persuaded that individuals who do not own vehicles are not entitled to use disabled parking spaces. The purpose of

an infraction and upon conviction thereof shall be punished by a fine of not less that fifty dollars nor more than three hundred dollars. Any vehicle which has been removed and which is not properly claimed within thirty days thereafter shall be considered to be an abandoned vehicle." Mo.Ann.Stat. § 301.143.4 (Vernon's Supp.1998).

**9.** Plaintiff's spouse, however, would be eligible for a disabled license plate if plaintiff resides in the same household with her spouse. *See* Mo. Ann.Stat. § 301.142.3 (West 1994 & Supp.1998).

providing exclusive parking areas for disabled individuals is to provide them with access to public buildings and accommodations. If the mere purpose was to provide specially designated parking "spots" for their vehicles, it would not matter whether those "spots" were near the building or accommodation or at the farthest end of the parking lot. To condition free access to public or private facilities only to disabled individuals who own cars would serve as an impediment to fulfilling the purpose of the disabled parking program.

Additionally, a number of ADA regulations define "facility" to include "parking lots." *See* 28 C.F.R. §§ 35.104, 36.104. Thus, access to parking lots is mandated by the ADA in the same way as access to public buildings, services and facilities because the parking lot is defined as a facility.

Furthermore, Missouri's program is not restricted to individuals who own cars. It authorizes those who do not own cars or who are not driving their own cars to have the benefits of the program by using a parking placard. The problem, as identified by plaintiffs, is that the program conditions participation by some disabled people on the purchase of a parking placard.

ADA implementing regulations prohibit a surcharge on disabled persons to cover the cost of measures necessary to provide them with nondiscriminatory treatment. 28 C.F.R. § 35.130(f). Providing nondiscriminatory treatment includes removing barriers to public and private facilities when those barriers make it more difficult for disabled persons to have access to those facilities. Additional regulations require places of public accommodation to set aside parking spots to provide disabled persons with easier access to the facilities. *See* 28 C.F.R. §§ 36.304(a) and 9(b)(18); ADA Accessibility Guidelines for Buildings and Facilities, Appendix A to 28 C.F.R. Ch. I, Pt. 36, at § 4.6.2. Thus, the fee is imposed on some disabled persons as a condition of removal of a barrier. It is not significantly different from charging a group of disabled persons a fee for the use of a wheelchair ramp.

The $2.00 fee is an impermissible surcharge on the three individual plaintiffs in this case and is prohibited under the ADA.

### Conclusion

As set forth in the discussion above, this case is not barred by Eleventh Amendment immunity, defendant is not entitled to judgment on the basis of the Tenth Amendment, and the ADA applies. Likewise, the ADA regulations do not invalidate the provisions of the USPPD. Nevertheless, the court finds that the $2.00 parking placard fee (which is not mandated under the USPPD), violates the provisions of the ADA with respect to the three named plaintiffs.

In its present posture, this case is brought by three individual plaintiffs. Although they have requested class certification, that issue has been held in abeyance and a hearing has not been held. Accordingly, the court must limit its present ruling to the plaintiffs currently in the case.

Each plaintiff has presented evidence by affidavit that he or she has purchased parking placards and/or paid annual renewal fees. The plaintiffs stated they are mobility impaired and the placards were and are necessary for them to use specially designated parking places for access to public facilities, programs or buildings. One of the plaintiffs does not own a car and is not eligible to obtain a specially designated license plate. All of the plaintiffs periodically rely on friends and nonfamily members for transportation. Under these circumstances, the court finds the $2.00 fee charged to these plaintiffs by defendant for parking placards and for annual renewal of the parking placards violated the provisions of the ADA. Therefore, plaintiffs are entitled to summary judgment on these limited issues.

A conference will be held shortly to discuss what issues remain and how next to proceed in this case.

THEREFORE, IT IS ORDERED that defendant's motion of September 22, 1997, for summary judgment is denied. [51] It is further

ORDERED that plaintiffs' motion of September 22, 1997, for summary judgment is granted to the extent the court finds that the

$2.00 parking placard fees and renewal fees charged to the three named plaintiffs violated the surcharge provisions of the ADA. [49] It is further

ORDERED that this court's order of May 13, 1998 (Doc. 73) is amended herewith.