**SHO–ME POWER ELECTRIC COOPERATIVE, a Missouri Corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 01–3307–CV–S–WAK.**

United States District Court, W.D. Missouri, Southern Division.

June 12, 2003.

Jason A. Reschly, Karl Zobrist, Timothy G. Swenson, Blackwell, Sanders, Peper, Martin, LLP–KCMO, John Christian Aisenbrey, Stinson, Morrison Hecker, LLP, Kansas City, MO, for plaintiff.

Steven David Silverman, United States Department of Health and Human Services, Food and Drug Administration, Office of Chief Counsel, Rockville, MD, Stephanie McClure Page, Department of Justice, Tax Division, Washington, DC, for defendant.

## *ORDER*

KNOX, United States Magistrate Judge.

Before the Court is Defendant's motion of September 30, 2002, for summary judgment in this tax-refund suit. The parties fully briefed the issues and on March 26, 2003, oral argument was heard.

---

Sho–Me Power Electric Cooperative seeks a refund of $233,391, plus interest, in federal income taxes, which were paid after the IRS determined Sho–Me had not correctly reported, for income tax purposes, cash received in 1995, 1996, and 1997, from the retirement of previously allocated patronage dividends. The parties dispute whether the allocation of cash between member and nonmember income should be based on power consumption in the year the patronage capital was retired or should be based on power consumption in the year the patronage capital was earned or generated.

### Summary Judgment Standard

Fed.R.Civ.P. 56(c) requires "the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden on the party moving for summary judgment "is only to demonstrate ... that the record does not disclose a genuine dispute on a material fact." *City of Mt. Pleasant, Iowa v. Associated Elec. Co–op.,* 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." *Haas v. Weiner,* 765 F.2d 123, 124 (8th Cir.1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. *Robinson v. Monaghan,* 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment. Fed.R.Civ.P. 56(c).

### Discussion

Electric cooperatives pay taxes only on income attributable to nonmembers, so they separately compute income and expenses based on the power consumption of members and nonmembers.

Over the years, Sho–Me purchased electric power as a member of Associated Electric Cooperative, Inc. When Associated retired previously allocated patronage capital in 1995, 1996 and 1997, it made cash payments to Sho–Me. At the time, Sho–Me correctly reported the cash retirement as income. The IRS disagreed with the method it used for allocating that income between members and nonmembers. The method used by the IRS resulted in a higher taxable income for Sho–Me, and the IRS issued a statutory notice of tax deficiency, which Sho–Me paid.

Sho–Me allocated the cash between its member and nonmember income by using the percentage of nonmember power consumption in the year the patronage capital was *retired* (received by Sho–Me). The IRS said the income must be allocated based on the percentage of nonmember power consumption attributable to the year when the patronage capital was *earned or generated.* In the years that the patronage capital was generated, Sho–Me had a larger percentage of nonmember

business than it did in the years when the capital was retired. Thus, using the IRS's method, Sho–Me had higher taxable income for those years and additional taxes due.

Sho–Me asserts that as a taxable cooperative, it is treated as a regular "C" corporation for federal income tax purposes. As such, it is obligated to compute and pay taxes on its taxable income, except that it may deduct its patronage dividend and may not reduce its taxable income for any net member losses. Thus, it separately computes taxable income attributable to member business and to nonmember business. In doing so, items of taxable income and taxable expense have consistently been allocated based upon the current year ratio of patronage and nonpatronage business, because Sho–Me believes such allocation method most accurately reflects the results of Sho–Me's operation.

The Government objects to the use of the current year allocation ratio on only one item of income, a cash payment from Associated for retired patronage capital. Sho–Me characterizes that payment as "the reduction in Sho–Me's cost of power attributable to Associated's retirement of patronage capital by the payment of cash from Associated to Sho–Me.":

Under 26 U.S.C. § 446, "[t]axable income shall be computed under the method of accounting on the basis of which the taxpayer regularly computes his income in keeping his books." The case law suggests that a reasonable, simple and consistent allocation method is appropriate for the allocation of patronage capital and dividends. The parties have been unable to cite the court to any cases that specifically address the factual and legal issues in this case.

Tax laws and regulations for electric cooperatives differ in many respects from other cooperatives and corporations, and accounting principles may also differ to accommodate the specific structure of the unique nature of the electric cooperative and its bylaws. After carefully reviewing the parties' briefs, the cited case, and the submitted evidence, and after hearing oral arguments on the matter, the court concludes that there are genuine issues of material fact for trial. In the absence of expert testimony, the court cannot determine whether the method of accounting and allocation of cash payments for retired dividends is consistent with the requirements of the Internal Revenue Code. For these reasons, it is

ORDERED that the defendant's motion of September 30, 2002, for summary judgment is denied [36].