**Fred WOOTEN, Dionisio Hernandez, Jr., and Jones Sommerville, Plaintiffs–Appellants,**

**and**

**David Morrissey, Plaintiff,**

v.

**Glenn S. GOORD, John Conroy, Michael Graziano, Floyd G. Bennett, David Barrett, Martin Abbott, Dana Smith, and William J. Hopkins, Defendants–Appellees.**

**No. 04–2485–PR.**

United States Court of Appeals, Second Circuit.

Feb. 17, 2005.

**442**

Fred Wooten, Dionisio Hernandez, Jr., and Jones Sommerville, Elmira, NY., for Appellants, pro se.

Edward Lindner, Assistant Solicitor General (Eliot Spitzer, Attorney General of the State of New York, Peter H. Schiff, Senior Counsel, on the brief), Albany, NY., for Appellees.

Present: McLAUGHLIN, SOTOMAYOR, Circuit Judges, and CEDARBAUM,\* District Judge.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Western District of New York (Elfvin, J.), it is hereby ORDERED, ADJUDGED AND DE-CREED that the judgment of the district court is AFFIRMED.

Plaintiffs-appellants Fred Wooten, Dionisio Hernandez, Jr., and Jones Sommerville ("plaintiffs"), *pro se,* appeal from the March 29, 2004 judgment of the United States District Court for the Western District of New York (Elfvin, J.) granting summary judgment to defendants-appellees Glenn S. Goord, John Conroy, Michael Graziano, Floyd G. Bennett, David Barrett, Martin Abbott, Dana Smith and William J. Hopkins on plaintiffs' claim under 42 U.S.C. § 1983. Plaintiffs have also moved for appointment of counsel in this Court, and for an extension of time to file an appointment of counsel motion. We assume the parties' familiarity with the underlying facts and procedural history of this matter.

We review a district court's grant of summary judgment *de novo. See Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003). Summary judgment is only warranted where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Id.* In order to prevail on their

---

\* The Honorable Miriam Goldman Cedarbaum, United States District Judge for the Southern District of New York, sitting by designation.

Eighth Amendment claims alleging "cruel and unusual punishment[ ]," U.S. Const. amend. VIII, plaintiffs were required to "prove[ ] both an objective element—that the prison officials' transgression was 'sufficiently serious'—and a subjective element—that the officials acted, or omitted to act, with a 'sufficiently culpable state of mind,' *i.e.,* with 'deliberate indifference to inmate health or safety.'" *Phelps v. Kapnolas,* 308 F.3d 180, 185 (2d Cir.2002) (per curiam) (quoting *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)).

Plaintiffs challenge the environmental conditions at the Print Shop where they work. The district court found, and plaintiffs do not dispute, that work programs at the Elmira Correctional Facility are voluntary, and inmates are free to choose where they work. *See Wooten v. Goord,* No. 02–cv–0268E, 2004 WL 816919, at *3 (W.D.N.Y. Mar. 25, 2004). Plaintiffs have never requested to be transferred out of the Print Shop. Indeed, as of the time of the district court's opinion, two of the plaintiffs still worked at the Print Shop. *Id.* The third stopped working at the Print Shop for reasons unrelated to its environmental conditions. *Id.* at *3 n. 8.

Under these circumstances, we do not find that plaintiffs' conditions of confinement violate the Eighth Amendment. We need not and do not hold that the voluntary nature of a prison work program necessarily precludes an Eighth Amendment claim based on work conditions. *See Bagola v. Kindt,* 131 F.3d 632, 645 n. 18 (7th Cir.1997). However, there is no basis for finding "cruel and unusual punishment" in the instant case, where the plaintiffs who challenge their work conditions are fully aware of the potential health risks stemming from their work conditions, and choose of their own free will to continue working under those conditions, even during litigation. *See Helling v. McKinney,*

509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993) (holding that to establish an Eighth Amendment violation, plaintiff inmate must demonstrate "that it is contrary to current standards of decency for anyone to be exposed *against his will*" to the challenged prison conditions (emphasis added)); *id.* at 36 ("[W]ith respect to the objective factor, determining whether [plaintiff's] conditions of confinement violate the Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm. . . . It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone *unwillingly* to such a risk." (emphasis added)); *Davis v. New York,* 316 F.3d 93, 100 (2d Cir.2002) (citing *Helling,* 509 U.S. at 36 and *Warren v. Keane,* 196 F.3d 330, 333 (2d Cir.1999)); *see also Christopher v. Buss,* 384 F.3d 879, 882–83 (7th Cir.2004) ("'[C]onduct in which one voluntarily engages can hardly be said to violate the Eighth Amendment.'" (quoting *Haas v. Weiner,* 765 F.2d 123, 124 (8th Cir.1985))). The minor health problems already experienced by plaintiffs—e.g. headaches, nausea, skin irritations—do not give rise to constitutional concerns in a context where the plaintiff inmates knowingly and voluntarily subject themselves to the conditions causing those problems. *See Bagola,* 131 F.3d at 645 n. 18 (suggesting that prisoners will "rare[ly]" be able to demonstrate an Eighth Amendment violation in the voluntary work context but may be able to do so where the threatened injury or illness is particularly severe). Moreover, given that the inmates choose to work at the Print Shop, we doubt that they could demonstrate a "sufficiently culpable state of mind" on the part of the prison officials who allowed the inmates that choice. *Phelps,* 308 F.3d at 185 (citation and internal quotation marks omitted). We there-

fore agree that there is no genuine issue of material fact as to whether plaintiffs' prison conditions violate the Eighth Amendment.

Plaintiffs also take issue with the district court's denial of their motions for appointment of counsel. Because plaintiffs failed to show that any of their claims had likely merit, the district court did not abuse its discretion by denying these motions. *See Cooper v. A. Sargenti Co.,* 877 F.2d 170, 172–74 (2d Cir.1989) (per curiam).

For these reasons, the district court's judgment is AFFIRMED, and plaintiffs' motions for appointment of counsel and an extension of time to file an appointment of counsel motion are DENIED.